AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN |
| --- | --- |

**SECT. S MAG. 2**

| Name (under which you were convicted): Michael E. Rick | Docket or Case No.: **16-15650** |
| --- | --- |

| Place of Confinement:    Louisiana State Penitentiary | Prisoner No.:    439483 |
| --- | --- |

| Petitioner (include name under which you were convicted) person having custody of petitioner) Michael E. Rick          v. | Respondent (authorized Darrel Vannoy |
| --- | --- |

| The Attorney General of the State of Louisiana | Jeff Landry |
| --- | --- |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging: Twenty-Second Judicial District Court Parish of St. Tammany, State of Louisiana

   (b) Criminal docket or case number (if you know):   No.    490278

2.    (a) Date of the judgment of conviction (if you know):  February 8, 2012

   (b) Date of sentencing: February 8, 2012

3.    Length of sentence:  Life imprisonment, 1 Count of Aggravated Rape;   20 yrs  1 Count of Aggravated Incest    sentences to run concurrent.

4.    In this case, were you convicted on more than one count or more than one crime?  ☑ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case: Count 1. Aggravated Rape,  1 Count    Aggravated Incest

6.    What was your plea? (Check one)

   ☑ (1)  Not guilty          ☐ (3) Nolo contendere (no contest)

   ☐ (2)  Guilty              ☐ (4) Insanity Plea

**TENDERED FOR FILING**

**OCT 17 2016**

**U.S. DISTRICT COURT Eastern District of Louisiana Deputy Clerk**

☑ Fee Pauper
___ Process
X   Dktd
___ CtRmDep
___ Doc. No.

AO 241
(Rev. 10/07)

Page 3

(b)    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)
☑ Jury            ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?
      ☐ Yes        ☑ No

8.    Did you appeal from the judgment of conviction?
      ☑ Yes        ☐ No

9.    If you did appeal, answer the following:
      (a) Name of court:      First  Circuit  Court of Appeals
      (b) Docket or case number (if you know):    490278
      (c) Result:      Direct  Appeal  Affirmed
      (d) Date of result:    4 – 26 – 2013
      (e) Citation to the case (if you know):  *State v. Rick*, No. 2012-KA-1569
      (f) Grounds raised:  N/A

      (g) Did you seek further review by a higher state court?      ☑ Yes    ☐ No
          If yes, answer the following:
          (1) Name of court:      Louisiana State Supreme Court
          (2) Docket or case number (if you know):  *State v. Rick*, No. 2013-KA-1219 .
          (3) Results:      Louisiana  State Supreme Court denied Certiorari
          Date of result (if you know):      November 22, 2013)

          5) Citation to the case (if you know): Same as above
          1. Grounds raised:    Same as Above

AO 241
(Rev. 10/07)

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?

☑ Yes     ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):  State v. Rick, 134 S. Ct. 1945

(2) Result:  Affirmed

(3) Date of result (if you know):  (U.S. La. 2014)

(4) Citation to the case (if you know):  134 S. Ct. 1945

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes     ☐ No

11.    If your answer to Question 10 was "Yes", give the following information:

(a)    (1) Name of court:     22ⁿᵈ Judicial District Court denied

(2) Docket or case number (if you know):     490278

(3) Date of filing (if you know):        N /A

(4) Nature of the proceeding: Application for Post Conviction Relief

(5) Grounds raised:

1.    Denial of Effective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application or motion?       ☐ Yes       ☑ No

(7) Result:    Denied

(8) Date of result (if you know):  September 18, 2012

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application or motion give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
    □   Yes□   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application or motion?

☐ Yes     ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on your petition, application or motion?

| | | | |
|---|---|---|---|
| (1) First petition: | ☑ Yes | ☐ | No |
| (2) Second petition: | ☐ Yes | ☐ | No |
| (3) Third petition: | ☐ Yes | ☐ | No |

(e) If you did not appeal to the highest state court having jurisdiction, explain briefly why you did not:

12.    For this petition, state every ground which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.    COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974.

Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Investigate; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration;        See Memorandum Attached

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241                                                                          Page 7
(Rev. 10/07

(c)     Direct Appeal of Ground One:

        (1)     If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes     ✓ No

        (2)     If you did not raise this issue in your direct appeal, explain why:

                Counsel refused to admit he render himself ineffective

(d) Post Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?
                ✓ Yes        ☐  No

        (2) If you answer to Question (d)(1) is "Yes," state:   yes

        Type of motion or petition:     Application Post Conviction Relief

        Name and location of the court where the motion or petition was filed:     22rd   Judicial   District
Court

        Docket or case number (if you know): 490278

        Date of court's decision:     N /A

        Result (attach a copy of the court's opinion or order, if available): DENIED

        (3) Did you receive a hearing on your motion or petition?                  ☐ Yes    ✓ No
        (4) Did you appeal from the denial of your motion or petition?             ✓ Yes    ☐ No
        (5) If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ✓ Yes   ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state:
        Name and location of the court where the motion or petition was filed:

        Louisiana Court of Appeals Fourth  Circuit.

        Docket or case number (if you know) 2015-KW-0622:

        Date of court's decision:     7 - 13 - 2015

        Result (attach a copy of the court's opinion or order, if available)  :
        Denied

        (7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241                                                                                           Page 6
(Rev. 10/07)

(e)      Other Remedies:    Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO:

         Denial of Right To Appeal, Right To Appellate Review / Deficient Partial Trascript.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
         See Memorandum Attached

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      Direct Appeal of Ground Two:

         (1) If you appealed from the judgment of conviction, did you raise this issue?      □ Yes □ No
         (2) If you did not raise this issue in your direct appeal, explain why:

(d)      Post-Conviction Proceedings:
         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?
                  □  Yes            □  No
         (2) If you answer to Question (d)(1) is "Yes," state:
         Type of motion or petition:
         Name and location of the court where the motion or petition was filed:

         Docket or case number (if you know):
         Date of court's decision:

AO 241                                                                          Page 9
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                  □Yes    □ No
(4) Did you appeal from the denial of your motion or petition?             □Yes    □ No

(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal? □ Yes   □ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241                                                                              Page 10
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     Direct Appeal of Ground Three:
        (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes     ☐ No
        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post Conviction Proceedings:
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial  court?        ☐ Yes        ☐ No
        (2) If you answer to Question (d)(1) is "Yes," state:
        Type of motion or petition:
        Name and location of the court where the motion or petition was filed:


        Docket or case number (if you know):
        Date of court's decision:
        Result (attach a copy of the court's opinion or order, if available):


        (3) Did you receive a hearing on your motion or petition?                        ☐ Yes    ☐ No
        (4) Did you appeal from the denial of your motion or petition?                   ☐ Yes    ☐ No
        (5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state:
        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):
        Date of court's decision:
        Result (attach a copy of the court's opinion or order, if available):

AO 241                                                                Page 11

(Rev. 10/07)

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:



GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground Four, explain why:



(c)     Direct Appeal of Ground Four:

        (1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes ☐ No
        (2) If you did not raise this issue in your direct appeal, explain why:



(d)     Post Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
                ☐ Yes        ☐ No
        (2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241                                                          Page 12
(Rev. 10/072

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):
Date of court's decision:
Result (attach a copy of the court's opinion or order, if available):




(3) Did you receive a hearing on your motion or petition?            □ Yes □ No
(4) Did you appeal from the denial of your motion or petition?        □ Yes □ No
(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal?  □ Yes □ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):
Date of court's decision:
Result (attach a copy of the court's opinion or order, if available):




(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          ☐ Yes          ☐ No

If you answer is "No," state which grounds have not been do presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?          ☐ Yes          ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy or any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for   the judgment you are challenging?          ☐ Yes          ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised.

AO 241                                                                                    **Page 14**
(Rev. 10/07)

(16)    Give the name and address, if you know, of each attorney who represented you in the following
stages of the judgment you are challenging:

    (a) At preliminary hearing:    N / A

    (b) At arraignment and plea:   N / A

    (c) At trial:                           N / A

    (d) At sentencing:                 N / A

    (e) On appeal:                       N / A

    (f) In any post-conviction proceeding:        Pro Se

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that
you are        challenging?                        ☐ Yes        ☑ No

    (a) If so, give the name and location of the court that imposed the other sentence you will serve
in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d). Have you filed, or do you plan to file, any petition that challenges the judgment or sentence
to be served in the
future?                         ☐ Yes        ☐ No

18.    TIMELINESS OF PETITION: If you judgment of conviction became final over one year ago, you
must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your
petition.*

AO 241

(Rev. 10/07)

PETITION IS TIMELY

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §

2244 (d) provides in part that:

    (1)    A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking for such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 16

     (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on (month, day, year).

Executed (signed) on _____ (date)

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

AO 241                                                                                              Page 1
(Rev. 10/07)

## Petition for Relief From a Conviction or Sentence
### By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.      To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.      You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentenced to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.      Make sure the form is typed or neatly written.

4.      You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.      Answer all questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.      You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution if holding for you. If you account exceeds $_____, you must pay the filing fee.

7.      In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.      When you have completed this form, send the original and two copies to the Clerk of the United States District Court at this address:

> Clerk's Office, U.S. District Court
> Eastern District of Louisiana
> 500 Poydras Street, Room C-151
> New Orleans, LA 70130

9.      CAUTION: You must include in this petition all grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10.      CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

## TENDERED FOR FILING

### OCT 1 7 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL E. RICK
                    Petitioner

-versus-

DARREL VANNOY
LOUISIANA STATE PENITENTIARY
                    Respondent

* * * * * * * * * * * * * * * * * * * *
28 U.S.C. § 2254 HABEAS CORPUS APPLICATION
* * * * * * * * * * * * * * * * * * * *

                              Pro Se

                    Michael E. Rick
                    #397747 Ash Unit #2
                    Louisiana State Prison
                    Angola, La. 70712

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL E. RICK                  *    CIVIL ACTION NO: _____
          *Petitioner*

                                 *    DATE FILED: _____

          Versus
                                 *    s/_____
DARREL VANNOY, Warden                 Dy. Clerk of Court
          *Respondent*


MEMORANDUM IN SUPPORT OF
APPLICATION FOR WRIT OF HABEAS CORPUS


MAY IT PLEASE THE COURT:

The instant case comes before this Honorable Court via application for federal habeas corpus by the petitioner, Michael E. Rick. Petitioner is currently in the custody of the respondent, Darrel Vannoy, after being convicted of one count of aggravated rape, a violation of La. R.S. 14:42 and one count of aggravated incest a violation of La. R.S. 14:78.1. the trial court sentenced him to life in prison without benefit of parole, probation or suspension of sentence for aggravated rape and twenty years at hard labor for aggravated incest with the sentences being ordered to run concurrently.


I.    Course of the Proceedings

On June 24, 2010, Michael E. Rick was charged by grand jury indictment with one count of aggravated rape, a violation of La. R.S. 14:42 and one count of aggravated incest a violation of La. R.S. 14:78.1. After a two day trial by jury, on

February 8, 2012, He was found guilty as charged on both counts by a 10-2 jury vote. Mr. Rick filed trial motions for a new trial and for post verdict judgment of acquittal, both of which were denied. Thereafter, the trial court sentenced him to life in prison without benefit of parole, probation or suspension of sentence for aggravated rape and twenty years at hard labor for aggravated incest with the sentences being ordered to run concurrently. Mr. Rick filed a motion to reconsider his sentence, which was summarily denied.    The Court of Appeal, First Circuit, affirmed conviction and sentence. See *State v. Rick*, No. 2012-KA-1569 (4-26-13). Louisiana Supreme Court denied certiorari, *State v. Rick*, No. 2013-KA-1219 (11-22-13). United States Supreme Court denied Certiorari, State v. Rick, 134 S. Ct. 1945 (U.S. La. 2014).    Petitioner timely filed an application for post-conviction relief.  The trial court, 22nd Judicial District Court denied petition. The Court of Appeal, First Circuit, denied writ of review. Judgment No. 2015 - KW - 0622,   The Louisiana State Supreme court denied Certiorari, State v. Rick, No. 2015 – KH – 1526  (September 6, 2016).   Accordingly, the instant 28 U.S.C. § 2254 application follows.

II.    *Material Facts*

According to State witnesses, when Megan Harris was around ten years old, defendant Michael E. Rick married her mother. Megan Harris testified that Mr. Rick performed oral sex on her on numerous occasions during the time that she was twelve and thirteen years of age, and that Mr. Rick had attempted to engage in penile sex with her on one occasion during this same time period.  Mr. Rick plead not guilty to the charges and denied these allegations.

2.

IV.     Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year limitation period for a state prisoner to file his federal habeas application. 28 U.S.C. § 2244 (d) (1).(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time of seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

( C )  the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added by appellant).

Under § 2244(d)(1), Mr. Rick had 455 days after his conviction became final to file his petition for federal habeas corpus relief. Section 2244(d)(1)(A) takes into account the time for filing a certiorari petition with the United States Supreme Court in determining the finality of a conviction. See *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (explaining that judicial efficiency does not require a petitioner to begin federal habeas proceedings until the state conviction becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or the expiration of the ninety-day period for seeking certiorari).

3.

IV.    Statute of Limitation

Thus, Rick's conviction was deemed final after he received the United States Supreme Court's denial of his application for a supervisory writ on direct review which was on April 28, 2014, 134 S. Ct. 1945, Rick v. Louisiana (U.S. La. 2014).

Petitioner does not know how many days elapsed untolled prior to His filing a timely application for Habeas Corpus. Louisiana State Supreme Court denied his Writ of Certiorari on September 6, 2016. Thus, this application is within the one year time limitation under 28 U.S.C. § 2244(d)(2) tolling provisions.

V. Standard of Review

The AEDPA proscribes "[a]n application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Miller v. Johnson, 200 F.3d 274, 281 (5th Cir.), cert denied, 531 U. S. 849, 121 S. Ct 122, 148 L. Ed2d 77 (2000); § 2254(d).

"Review is de novo when there has been no clear adjudication on the merits." Miller v. Johnson, 200 F.3d at 281 n.4 (5th Cir. 2000). See Henderson v. Cockrell, 333 F.3d 592 (5th Cir. 2003) (With respect to claims that were not adjudicated on the merits in state court, the deferential AEDPA's standards of review do not apply," and such claims are reviewed "under pre-AEDPA standards of review.").

4.

VI. Claims Presented for Relief

COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION   AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974?

Whether Counsel Failed to Present a Valid Alibi Defense in petitioner's Behalf; To Introduce Crucial Evidence for the Jury's Consideration; to Properly Prepare for Trial; to Render Meaningful Investigation; to Confront His Accuser; to Render Crucial Cross Examination?
State Courts Proceedings:

Appellant raised one Claim which if established would entitled him to relief. The trial judge denied his application stating, "after a review of the entire record, the issues raised, maybe decided on the record and no evidentiary hearing is necessary." Petitioner failed to proved grounds upon which relief shall be granted. Petition is without merits and must be denied.

In this case, the trial record, reveal that Defense Counsel failed to investigate and present a valid alibi defense. [A]t the time of this incident, Rick was a big man, he stood six feet-two, weighed 290 pounds and had one leg. He used a cane, wheel chair or his prosthetic leg to move around. Rick's wife, Megan's mother, Who he sleep in bed with every night was not called as a witness by the state nor the defense. This witness could have answered the question needed to be ask, which is, [c]ould Rick get in and out of bed without her knowing when he did so. "IMPOSSIBLE."   This is the only witness who can answer this question.  Counsel never interviewed Mrs. Rick nor did he call her as a witness.  This witness could have been essential to the State's case.  However, the State never called Mrs. Rick as a witness.

Petitioner ask that this court grant him an evidentiary hearing to determine the content of this witness testimony and to determine if the jury had heard her testimony

would it have change the out come of the trial. The State court's decisions are in conflict with rulings of this Honorable Court. Louisiana Constitution Article 1, §§ 2, 13 and 16; *State v. Everidge*, 702 So.2d 680 (La. 1997); *State v. Fuller*, 454 So. 2d 119 (La. 1984); *State v. Short*, 655 So.2d 790, 793 (La. App. 4 Cir. 1995); *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)].

## ARGUMENT

ISSUE ONE:

COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974.

Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Investigate; To Present a Valid Alibi Defense In His Behalf; To Introduce Crucial Evidence for the Jury's Consideration;

### ARGUMENT IN SUPPORT OF CLAIM ONE

Louisiana Constitution Article 1, §§ 2, 13 and 16 guarantees a defendant in a criminal prosecution the right to be represented by counsel. Furthermore, the defendant is guaranteed that such counsel will serve effectively and competently, and will perform certain duties necessary to adequately represent his client's interest. Louisiana Constitution Article 1, § 16 guarantees a defendant in a criminal prosecution the right to present a defense. *State v. Everidge*, 702 So.2d 680 (La. 1997).

A claim of ineffective assistance of counsel is assessed by utilizing the two prong test set forth in *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)], and adopted by the State of Louisiana in *State v. Fuller*, 454 So. 2d 119 (La. 1984). The defendant must show that the attorney's performance was deficient, and that the

6.

deficiency prejudiced him. There must be a showing that there is a reasonable probability that counsel's error undermined the proper functioning of the adversarial process.

Petitioner argues his counsel violated his right to effective counsel when he failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration; which was "relevant to the issue material in [his] case."

A defendant's right to present a defense is sanctioned constitutionally and he can testify to or give evidence on any matter relevant to an issue material in the case. Averidge, supra; State v. Short, 655 So.2d 790, 793 (La. App. 4 Cir. 1995).

At the time of the crime Aggravated Rape was defined as: "In relevant part La. R.S. 14:42. states"

A.)   Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances;

A(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

To prove aggravated rape the prosecution had to prove that the victim was under the age of thirteen and the anal, oral or vaginal was penetrated to some degree.

Prior to trial, petitioner informed his counsel that, on March 30, 2012 he was arrested in Hammond, Louisiana and placed in the custody of the Hammond Police Department for six hours. Subsequently, he was released.. On the afternoon of March 31, 2012 the a Saint Tammany Parish Police Department Detective arrived at his home and arrested him. He was brought to the Saint Tammany Parish Sheriff's Office and questioned concerning the aggravated rape of Megan Gatewood. He was then

7.

transported to Saint Tammany Parish Prison. During the course of this trip he was again questioned. He was informed that he had been a fugitive for pass three years. That he was wanted for the aggravated rape of Megan Gatewood. He was surprised by this allegation. He was arrested and placed in the custody of Saint Tammy Parish Prison. It was not until his arrest, that he began his investigation concerning this allegation. He went on to explain his relationship with his estrange wife and former family. He explain how and when they met, how long they lived together, where and how long they were married, where they lived and worked.

He explained that during the latter part of October 1993, by way of a friend, he was introduced to Jennifer Hernandez. At this time, Jennifer was a single parent with a 3 to 4 month old baby named Megan, and no where to live. Rick's friend asked him, to allow Jennifer to stay with him, until she could get her own place. This arrangement quickly became a relationship where he and Jennifer live together for approximately one year. During this time period, Rick never met or spoke with any of Jennifer's family. During the early part of 1994, Rick meet Susie, Jennifer's sister. Susie informed Jennifer that their mother was sick and took Jennifer to visit her mother in the hospital. Jennifer stayed away for two days, returning to Rick's home on a Sunday evening. At this time, she informed Rick that she had to end their relationship due to religious reasons. She then moved back to her mother's home. Realizing, he had fallen in love with Jennifer, he asked her to marry him. He then moved to Covington, Louisiana, where he bought a home, he and Jennifer had once desired. When he informed her that he had purchased this particular home. Jennifer asked "how did he pay for it." He said "with cash." Jennifer became uneasy and changed her mind about the marriage. According to Rick, he learned the reason for her actions was due to her family

8.

members saying negative things about him, such as he was a thug and drug dealer. He and Jennifer discontinued seeing each other.

Years later, October 2004, Rick traveling to Boloxic, passed through Covington, Louisiana. He stopped to have lunch at the Waffle House. He discovered that Jennifer was working there. They rekindled their relationship and married two week later. The wedding was held in Baton Rouge, Louisiana. Jennifer invited her family to their wedding, however, none of her family members attended. None of her family liked Rick. When they returned from Baton Rouge, Jennifer who mother had been living with her for several years, began to argue about her marrying Rick. During the course of the argument, Jennifer ask her mother leave her home. In September of 2004, the couple relocated to Baton Rouge, Louisiana. Shortly thereafter, June 2005, Rick begin suffering health problems. He quit his job and begin receiving Disability. During August of 2005, they moved to Abita Springs, Louisiana. Shortly thereafter, Jennifer received a fifteen thousand dollar check. This begin an era of confusion.

During the early part of September 2005, Susie, a sister to Jennifer, accursed Rick of inappropriately touching her daughter. Jennifer's mother, introduced her to another guy who lived in Missouri. Rick was not the husband of her mother's choice. However, this relationship did not evolve. Once again, Rick and Jennifer rekindled their relationship. The children, Megan and Olivia remained living with their aunt Kathy. Two weeks later, Jennifer went to get her two daughters. She Megan decided to stay with her Aunt Kelly, so she only had Olivia. A week later, the Sheriff arrived with documents and removed Olivia from their custody. Rick learned that Jennifer's family did not want the children living with Rick. They file claims concerning Jenifer's parenting. Jennifer tried for three months to get her children back. In the end, she signed documents

9.

granted her sister Kathy custody of her two children. She and Rick moved to Alabama, where they stayed for one year without contact from her family. For Christmas they returned to Louisiana, to visit with her kids.  She decided she wanted to move back to Louisiana so that she could visit the kids more often. Finally, they moved to Pumpkin Center, Louisiana. Jennifer visited the kids weekly. A short time, after returning, Jennifer begin talking about terminating their relationship. Rick, accepted all he could mentally, informed Jennifer that he was moving on. Leaving her all physical possession he terminated their relationship.

According to the prosecution, Rick raped Megan Gatewood on several occasion during the time period of June 1, 2005 thru November 1, 2005. The prosecution presented several  state employees as witnesses, and an ex boyfriend, none who was an eyewitness to the crime but were able to determine from Megan Gatewood's story seven years later that Rick committed this act.  The prosecution presented Megan Gatewood as their main witness pitting her word against Rick's on how and when this alleged incident occurred.  Megan testified seven years later, that when she was twelve years old Rick place his hand down her blouse and touched her breast. She never told anyone. Shortly thereafter, she said, Rick begin sneaking into her bed room during the early morning hours and performing cunnilingus on her vagina. Her mother and sister lived in this house with her and Rick. Rick slept in the bedroom with her mother. She said only one time did Rick try to inset his penis into her vagina. Several years later, she told her then boyfriend about Rick's action. Her boyfriend convinced her to tell someone. She told her Counsel at the Child Advocacy Center (CAC) who reported this incident. Rick denied all allegations.

In this case, there is no evidence to show that Michael Rick molested Megan

Harris Gatewood, or had any kind of sexual relations when she was twelve or thirteen years of age.

Rick's, defense counsel presented no evidence, but Rick's testimony. Their were volumes of evidence that could have been obtained in Ricks behalf. Such as, Police Reports where witnesses or supporters gave statements. The testimony of the Aunt and Sister who did not like Rick and the uncle he referred to him as a pervert. An most of all, the one person who could have settled this matter. Rick's wife, Megan's mother, Who he sleep in bed with every night. At the time of this incident, Rick was a big man, he stood six feet-two, weighed 290 pounds and had one leg. He used a cane, wheel chair or his prosthetic leg to move around.

Had defense counsel, reviewed the police reports she would have been aware of the complainant. Who formerly brought charges against the petitioner. During Megan's testimony defense counsel allowed several hearsay statements to be heard by the jury. Such as the argument she had with her aunt and Uncle when they referred to Rick as a pervert. Additionally, the story about him molesting Megan's 3 year old cousin. Defense counsel failed to present any evidence in petitioner's defense. Petitioner, testified that he slept with his wife, when petitioner left his bed, he had to rise up, sit on the side of the bed, put on his leg, position his wheel chair or retrieve his cane in order to walk.

Had defense counsel called Jennifer Hernandez as a witness, she could have told the jury whether Rick could leave their bed without her knowing. She would have been able to tell the jury if he did leave their bed and how long he stayed away. To enter their bed he had to use the procedure, first, get out of the will chair, sit on the bed, remove his leg, then lay down 290 pounds. His wife would have known how often

11.

he left their bed because he had to awaken her to leave or to get in. This is a situation, because of the victim's age, the jury would easily believe such a person. Although, she claimed to be a God fearing Christian, understanding right and wrong it was four years later she made these allegations.

Had defense counsel presented this evidence, the jury would have had some doubt as to whether this act did happen. Understanding how a 290 lbs man, with one leg can get in and out of bed without his wife knowing when he left and when he returned.

Prejudice

When analyzing prejudice in an ineffective assistance of counsel case, a court should not focus solely on outcome determination, without considering whether the result of the proceeding was unreliable or fundamentally unfair. The touchstone of the prejudice inquiry is the fairness of the trial and the reliability of the jury or judge's verdict in light of any errors made by counsel, not solely the outcome of the case. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069.

The evidence against Rick consisted solely of the testimony of the victim, Megan Harris Gatewood. Who at the age of nineteen, testified to events which occurred approximately seven years prior to the date of trial. No evidence was presented to prove the prosecution's theory. The prosecution's case consisted solely of Megan Harris' memory. This memory of dates, places and time of year. And of events which supposedly occurred during that time span. The prosecution circumstantial evidence fail to prove that the incidents alleged happen at all.

Megan Harris testified, she remembered Michael Rick putting his hand on her breast one time during a visit to his job office. Subsequently, he begin to visit her in

12.

her bedroom at night and lick her vagina. That he tried one time to have penile intercourse with her. How old she was at this time was not proven. This repeated occurrence happen and no one knew about these visits but Megan. It was a mere rendition of something that she said happen. The petitioner denied every allegation presented. Petitioner testimony was disregarded by the jury due to the persuasive speech by the prosecutor. The state used circumstances which had no bearing on the case such as the incident where petitioner kissed Megan's 3 year old cousin on the knee. This incident occurred before the incidents concerning Megan was made known. Her aunt and uncle referred to him as a pervert indicating they knew of other incidents he performed.

The wife's testimony could have and would have revealed a truth had she testified for the state or defense. During a 90 day period, Rick, a big man, who stood six feet-two, weighed 290 pounds, had one leg. used a cane, wheel chair or his prosthetic leg to move around, who sleep in a bed with his wife, supposedly, left their bed many times during the early morning hours and she did not have knowledge of his leaving or returning. Impossible. This testimony was crucial to the defense. The jury would have had a reasonable concerning Megan's testimony.


## CONCLUSION

WHEREFORE, in light of the argument, petitioner ask that this Honorable Court review his claim cumulatively in the interest of justice, in regard to the facts in dispute presented herein. Since Mr. Rick has demonstrated from the record that a had his wife testified the outcome of the proceeding would be different. A different judge or jury would no doubt see this case in a different light if all the facts were known. Petitioner

12.

prays that this court set aside his conviction and sentence, ordering to grant him a

new trial or as an alternate an evidentiary hearing to determine the truth of the matter.

Respectfully submitted,

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

13.

## CERTIFICATE

I, Michael E. Rick,  hereby certify that a true and correct copy of the foregoing

has this day been served upon the district attorney in and for the Parish of  St.

Tammany, State of Louisiana, by placing a copy of the same in the U.S. Mail, postage

prepaid, on this _14th_ day of _October_, 2016.


Walter Reed, District Attorney
701 N. Columbia St.
Covington, LA 70433

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

14.

N THE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

State ex. rel., Michael E. Rick
Petitioner

- Versus -

Darrel Vannoy, Warden
Louisiana State Penitentiary
Respondent

---

## EXHIBITS SUPPORTING APPLICATION FOR HABEAS CORPUS

---

**MAY IT PLEASE THE COURT:**

Michael E. Rick, Petitioner submits the following Exhibits:

| | |
|---|---|
| EXHIBIT "A" | Post Conviction Application |
| EXHIBIT "B" | 22ND Judicial District Court Judgment |
| EXHIBIT "C" | Writ of Review  Court of Appeal 1st Circuit |
| EXHIBIT "D" | First Circuit Court of Appeal Judgment |
| EXHIBIT "E" | La. Supreme Court Certiorari |
| EXHIBIT "F" | La. Supreme Court Judgment  N/A |

# EXHIBIT "A"
# Post Conviction Application

APPENDIX "A"
Adopted October 14, 1976
Effective January 1, 1977

## UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

__MICHAEL E. RICK__
NAME OF PETITIONER

No. _____
(To be filled in by the clerk)

__397747__
PRISON NUMBER

__22 ND_____ JUDICIAL DISTRICT

LOUISIANA STATE PENITENTIARY
PLACE OF CONFINEMENT

IN THE PARISH OF __ST. TAMMANY__
STATE OF LOUISIANA

V.S.

N. BURL CAIN_____
WARDEN, LOUISIANA
STATE PENITENTIARY

Please Serve CUSTODIAN and __Walter Reed,_____ DISTRICT ATTORNEY, 22 ND
JUDICIAL DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS -- READ CAREFULLY

(1)    This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2)    Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3)    YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4)    When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5)    You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation form the clerk of court of the district court of the parish where you were sentenced or form the institution where you are confined. If that documentation is not attached, you must allege that steps were taken to obtain it.

(6)    Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

### PETITION

1.    Name and location of court which entered the judgment of conviction challenged: Twenty-Second Judicial District Court, 701 N. Columbia St., P.O. Box 1090, Covington, LA 70434-1090, Parish of St. Tammany

2.    Date of judgment of conviction: February 8, 2012

3.    Length of sentence: Life + Twenty Years

4.    Nature of offense involved (all counts) 1 Count Aggravated Rape R.S. 14:42 and 1 Count of Aggravated Incest R.S. 14:78.1

5.   What was your plea? (check one)
 (a) Not guilty ( XX )
 (b) Guilty   (   )
 ( c ) Not guilty and not guilty by reason of insanity (  )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details:_____
_____
_____
_____

 d. Name and address of the lawyer representing you at your plea (if you had no lawyer please indicate):_____N/A_____

 (e) Was the lawyer appointed ( ) or hired (  )?  (check one)

6.   Kind of trial: (check one)
 (a) Jury ( XX )
 (b) Judge only ( )

7.   (a).   Name and address of lawyer representing you at trial: ___Melissa Valdivia, ESQ.
_____

 (b).   Was the lawyer appointed ( ) or hired (  )? (check one)

8.   Did you testify at trial? Yes (XX )  No ( )

9.   (a)   Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein:__Same as Above_____
_____

Was the lawyer appointed ( ) or hired ( )? (check one)

10.   Did you appeal from the judgment of conviction? Yes (XXX)  No ( )

11.   If you did appeal, give the following information:

 (a)   Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal (if known)   Louisiana Supreme Court No.2013-K-1219, 126 So.3d 479 (11-22-13) – court of Appeal First Circuit No. 2012-K-1569 (4-26-13) –  Supreme Court of the United States, Rick v. State of Louisiana ( Denied  April 2014)

 (b)   Name and address of lawyer representing you on appeal: Louisiana Appellate Project, Mary E. Roper (La. Bar #22146), 830 Main Street, Baton Rouge, La.____

 c )   Was the lawyer appointed (   ) or hired ( )? (check one)

12.   Other than direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court. Yes ( ) No (XXX).

13.   If your answer to 12 is "yes", give the following information:

 (a)   (1)   Name of court_____
 (2)   Nature of proceeding _____
 (3)   Claims raised: _____
_____
_____
_____

2.



(4)   Did you receive an evidentiary hearing on your application? Yes ( )   No (✓)

    (5)   Was relief Granted or denied?_____

    (6)   Date of disposition:_____

    (7)   Citation of opinion (if known)_____

    (8)   Name and address of lawyer representing you: (if none, so state) _____

        _____

        _____

    (9)   Was the lawyer appointed (✓) or hired ( )? (check one)

(b)   Have you filed any other applications for post- conviction relief with respect to the challenged conviction? Yes ( )   No ( )
        If "yes", set forth the details (as above) on separate paper and attach.

( c )   Did you appeal or seek writs of review from the denial of any post-conviction application?
    (1)   First petition, etc. Yes ( ) No ( ).
    (2)   Second Petition, etc. Yes ( ) No ( ).

(d)   If you did not appeal or seek writs from the denial of any post-conviction application, explain briefly why you did not:
_____
_____
_____

(e)   Name of the lawyer who represented you on appeal from the denial of any post-conviction application (if none, so state):

    (1)   First petition_____
    (2)   Second petition_____

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(1)    You conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

(2)    The court exceeded its jurisdiction;

(3)    Your conviction or sentence subjected you to double jeopardy;

(4)    The limitations on prosecution had expired;

(5)    The statute creating the offense for which you were convicted and sentenced is unconstitutional;

(6)    The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FORM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1)    Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2)    Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3)    Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4)    A successive application may be dismissed if it fails to raise a new or different claim.

(5)    A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted form a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceeding leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

4.

## CLAIMS]

YOU MAY ATTACH ADDITIONAL PAGES SETTING FORTH THE REQUIRED INFORMATION (BELOW) IF ADDITIONAL CLAIMS ARE ASSERTED.

Claim: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL:  COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974.

(a)    Supporting FACTS (tell your story briefly without citing cases or law):

Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Investigate; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration:  Counsel failed to call a crucial witness whose testimony would have create a reasonable doubt negating the state          theory.

(b)    List names and addresses of witnesses who could testify in support of your claim. If you cannot do so explain why:

Jennifer Hernandez Rick

(c)    If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why:

5.

B.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged? Yes ( )   No ( )

(1)   If so, give name and location of court which imposed sentence to be served in   the future _____

(2)   Give date and length of sentence to be served in the future:_____

(3)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No ( ).

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

_____
Signature of Petitioner


_____
Day/        Month        /Year

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

_____
_____
_____
_____

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

_____
Signature of Petitioner

6.

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF __WEST FELICIANA__

I, x*Michael Rick*, being first duly sworn says that he has read the foregoing (Name of Petitioner)

application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above.

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____
Notary Public or other person authorized
To administer an oath.

7.

CERTIFICATE

I, Michael E. Rick, hereby certify that a true and correct copy of the foregoing has this day been served upon the District Attorney in and for the Parish of St. Tammany, State of Louisiana, by placing a copy of the same in the U.S. Mail, postage prepaid, on this _____ day of _____ 2015.


Walter Reed, District Attorney
701 N. Columbia St.
Covington, LA 70433

_____
Signature of Petitioner

8.

IN THE
TWENTY-SECOND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMY
STATE OF LOUISIANA

---

Case No. 490278  DIVISION "C"

---

State ex. rel., MICHAEL E. RICK
                              Petitioner

- Versus -

BURL CAIN, Warden
Louisiana State Penitentiary
                              Respondent

* * * * * * * * * * * * * * * * * * * * * * * * *
APPLICATION FOR
POST-CONVICTION RELIEF

TITLE 31-A
LOUISIANA CODE
CRIMINAL PROCEDURE
* * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner Requests an Evidentiary Hearing

Submitted By:

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

Assisted by:
Frank Motton #095492
Offender Counsel Substitute
Legal AID Office
Louisiana State Penitentiary
Angola, Louisiana 70712

Pro-SE Criminal Proceeding

MICHAEL E. RICK

VERSUS

STATE OF LOUISIANA

22 ND  JUDICIAL DISTRICT COURT

CASE NO: 490278  DIVISION "C"

PARISH OF ST. TAMMY

STATE OF LOUISIANA

_____

Deputy Clerk

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR POST-CONVICTION RELIEF

May It Please the Court:

The instant cause comes before this Honorable Court via post conviction application by Michael E. Rick. The petitioner is serving a life sentences after being convicted of one count of aggravated rape and twenty years for one count of aggravated incest.

### STATEMENT OF THE CASE

Procedural History

On June 24, 2010, Michael E. Rick was charged by grand jury indictment with one count of aggravated rape, a violation of La. R.S. 14:42 and one count of aggravated incest a violation of La. R.S. 14:78.1. After a two day trial by jury, on February 8, 2012, He was found guilty as charged on both counts by a 10-2 jury vote. Mr. Rick filed trial motions for a new trial and for post verdict judgment of acquittal, both of which were denied. Thereafter, the trial court sentenced him to life in prison without benefit of parole, probation or suspension of sentence for aggravated rape and twenty years at hard labor for aggravated incest with the sentences being ordered to run concurrently. Mr. Rick filed a motion to reconsider his sentence, which was summarily denied. The Court of Appeal, First Circuit, affirmed conviction and sentence. See *State v. Rick*, No. 2012

-KA-1569(4-26-13). Louisiana Supreme Court denied certiorari. *State v. Rick*, No. 2013-KA-1219(11-22-13). United States Supreme Court denied Certiorari, see (4- -14).

## FACTUAL BASIS

According to State witnesses, when Megan Harris was around ten years old, defendant Michael E. Rick married her mother. Megan Harris testified that Mr. Rick performed oral sex on her on numerous occasions during the time that she was twelve and thirteen years of age, and that Mr. Rick had attempted to engage in penile sex with her on one occasion during this same time period. Mr. Rick plead not guilty to the charges and denied these allegations.

## ARGUMENT

ISSUE ONE:

COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974.

Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Investigate; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration;

## ARGUMENT IN SUPPORT OF CLAIM ONE

Louisiana Constitution Article 1, §§ 2, 13 and 16 guarantees a defendant in a criminal prosecution the right to be represented by counsel. Furthermore, the defendant is guaranteed that such counsel will serve effectively and competently, and will perform certain duties necessary to adequately represent his client's interest. Louisiana Constitution Article 1, § 16 guarantees a defendant in a criminal prosecution the right to present a defense. *State v. Everidge*, 702 So.2d 680 (La. 1997).

A claim of ineffective assistance of counsel is assessed by utilizing the two prong test set forth in *Strickland  v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)], and adopted by the State of Louisiana in *State v. Fuller*, 454 So. 2d 119 (La. 1984). The defendant must show that the attorney's performance was deficient, and that the deficiency prejudiced him. There must be a showing that there is a reasonable probability that counsel's error undermined the proper functioning of the adversarial process.

Petitioner argues his counsel violated his right to effective counsel when she failed to Properly Prepare for Trial; to Render Meaningful Investigation;  To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration; which was " relevant to the  issue material in [his] case."

A defendant's right to present a defense is sanctioned constitutionally and he can testify to or give evidence on any matter relevant to an issue material in the case. *Everidge*, supra;  *State v. Short*, 655 So.2d 790, 793 (La. App. 4 Cir. 1995).

At the time of the crime Aggravated Rape was defined as:    "In relevant part La. R.S. 14:42. states"

> A.)   Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances;

> A(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

To prove aggravated rape the prosecution had to prove that the victim was under the age of  thirteen and the anal, oral or vaginal was penetrated to some degree.

Prior to trial, petitioner informed his counsel that, on March 30, 2012 he was arrested in Hammond, Louisiana and placed in the custody of the Hammond Police Department for six hours.  Subsequently, he was released.

3.

On the afternoon of March 31, 2012 the a Saint Tammany Parish Sheriff's Department, Detective arrived at his home and arrested him. He was brought to the Saint Tammany Parish Sheriff's Office and questioned concerning the aggravated rape of Megan Gatewood. He was then transported to Saint Tammany Parish Prison. During the course of this trip he was again questioned. He was informed that he had been a fugitive for pass three years. That he was wanted for the aggravated rape of Megan Gatewood. He was surprised by this allegation. He was arrested and placed in the custody of Saint Tammy Parish Prison. It was not until his arrest, that he began his investigation concerning this allegation. He went on to explain his relationship with his estrange wife and former family. He explain how and when they met, how long they lived together, where and how long they were married, where they lived and worked.

He explained that during the latter part of October 1993, by way of a friend, he was introduced to Jennifer Hernandez. At this time, Jennifer was a single parent with a 3 to 4 month old baby named Megan, and no where to live. Rick's friend asked him, to allow Jennifer to stay with him, until she could get her own place. This arrangement quickly became a relationship where he and Jennifer live together for approximately one year. During this time period, Rick never met or spoke with any of Jennifer's family. During the early part of 1994, Rick met Susie, Jennifer's sister. Susie informed Jennifer that their mother was sick and took Jennifer to visit her mother in the hospital. Jennifer stayed away for two days, returning to Rick's home on a Sunday evening. At this time, she informed Rick that she had to end their relationship due to religious reasons. She then moved back to her mother's home. Realizing, he had fallen in love with Jennifer, he asked her to marry him. He then moved to Covington, Louisiana, where he bought a home, he and Jennifer had once desired. When he informed her that he had purchased this particular home. Jennifer asked

4.

"how did he pay for it." He said "with cash."   Jennifer became uneasy and changed her mind about the marriage. According to Rick, he learned the reason for her actions was due to her family members saying negative things about him, such as he was a thug and drug dealer. He and Jennifer  discontinued seeing each other.

Years later, October 2004, Rick traveling to Boloxic, passed through Covington, Louisiana.  He stopped to have lunch at the Waffle House. He discovered that Jennifer was working there. They rekindled their relationship and married two week later. The wedding was held in Baton Rouge, Louisiana. Jennifer invited her family to their wedding, however, none of her family members attended. None of her family liked Rick. When they returned from Baton Rouge, Jennifer who mother had been living with her for several years, began to argue about her marrying Rick. During the course of the argument, Jennifer ask her mother leave her home. In September of 2004, the couple relocated to Baton Rouge, Louisiana. Shortly thereafter, June 2005, Rick begin suffering health problems. He quit his job and begin receiving Disability. During August of 2005, they moved to Abita Springs, Louisiana. Shortly thereafter, Jennifer received a fifteen thousand dollar check.  This begin an era of confusion.

During the early part of September 2005, Susie, a sister to Jennifer, accursed Rick of inappropriately touching her daughter.  Jennifer's mother, introduced her to another guy who lived in Missouri. Rick was not the husband of her mother's choice. However, this relationship did not evolve. Once again, Rick and Jennifer rekindled their relationship.  The children, Megan and Olivia remained living with their aunt Kathy. Two weeks later, Jennifer went to get her two daughters. She Megan decided to stay with her Aunt Kelly, so she only had Olivia. A week later, the Sheriff arrived with documents and removed Olivia from

5.

their custody. Rick learned that Jennifer's family did not want the children living with Rick. They file claims concerning Jenifer's parenting. Jennifer tried for three months to get her children back. In the end, she signed documents granted her sister Kathy custody of her two children. She and Rick moved to Alabama, where they stayed for one year without contact from her family. For Christmas they returned to Louisiana, to visit with her kids. She decided she wanted to move back to Louisiana so that she could visit the kids more often. Finally, they moved to Pumpkin Center, Louisiana. Jennifer visited the kids weekly. A short time, after returning, Jennifer begin talking about terminating their relationship. Rick, accepted all he could mentally, informed Jennifer that he was moving on. Leaving her all physical possession he terminated their relationship.

According to the prosecution, Rick raped Megan Gatewood on several occasion during the time period of June 1, 2005 thru November 1, 2005. The prosecution presented several  state employees as witnesses, and an ex boyfriend, none who was an eyewitness to the crime but were able to determine from Megan Gatewood's story seven years later that Rick committed this act. The prosecution presented Megan Gatewood as their main witness pitting her word against Rick's on how and when this alleged incident occurred.  Megan testified seven years later, that when she was twelve years old Rick place his hand down her blouse and touched her breast. She never told anyone. Shortly thereafter, she said, Rick begin sneaking into her bed room during the early morning hours and performing cunnilingus on her vagina. Her mother and sister lived in this house with her and Rick. Rick slept in the bedroom with her mother. She said only one time did Rick try to inset his penis into her vagina. Several years later, she told her then boyfriend about Rick's action. Her boyfriend convinced her to tell someone. She told her Counsel at the Child Advocacy Center (CAC) who reported this incident. Rick denied all allegations.

6.

In this case, there is no evidence to show that Michael Rick molested Megan Harris Gatewood, or had any kind of sexual relations when she was twelve or thirteen years of age.

Rick's, defense counsel presented no evidence, but Rick's testimony. Their were volumes of evidence that could have been obtained in Ricks behalf. Such as, Police Reports where witnesses or supporters gave statements. The testimony of the Aunt and Sister who did not like Rick and the uncle he referred to him as a pervert. An most of all, the one person who could have settled this matter. Rick's wife, Megan's mother, Who he sleep in bed with every night. At the time of this incident, Rick was a big man, he stood six feet-two, weighed 290 pounds and had one leg. He used a cane, wheel chair or his prosthetic leg to move around.

Had defense counsel, reviewed the police reports she would have been aware of the complainant. Who formerly brought charges against the petitioner. During Megan's testimony defense counsel allowed several hearsay statements to be heard by the jury. Such as the argument she had with her aunt and Uncle when they referred to Rick as a pervert. Additionally, the story about him molesting Megan's 3 year old cousin. Defense counsel failed to present any evidence in petitioner's defense. Petitioner, testified that he slept with his wife, when petitioner left his bed, he had to rise up, sit on the side of the bed, put on his leg, position his wheel chair or retrieve his cane in order to walk.

Had defense counsel called Jennifer Hernandez as a witness, she could have told the jury whether Rick could leave their bed without her knowing. She would have been able to tell the jury if he did leave their bed and how long he stayed away. To enter their bed he had to use the procedure, first, get out of the will chair, sit on the bed, remove his leg, then lay down 290 pounds. His wife would have known how often he left their bed because he had to awaken her to

leave or to get in. This is a situation, because of the victim's age, the jury would easily believe such a person. Although, she claimed to be a God fearing Christian, understanding right and wrong  it was four years later she made these allegations.

Had defense counsel presented this evidence, the jury would have had some doubt as to whether this act did happen.  Understanding how a 290 lbs man, with one leg can get in and out of bed without his wife knowing when he left and when he returned.


## Prejudice

When analyzing prejudice in an ineffective assistance of counsel case, a court should not focus solely on outcome determination, without considering whether the result of the proceeding was unreliable or fundamentally unfair. The touchstone of the prejudice inquiry is the fairness of the trial and the reliability of the jury or judge's verdict in light of any errors made by counsel, not solely the outcome of the case. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069.

The evidence against Rick consisted solely of the testimony of the victim, Megan Harris Gatewood.  Who at the age of nineteen, testified to events which occurred approximately seven years prior to the date of trial.  No evidence was presented to prove the prosecution's theory. The prosecution's case consisted solely of Megan Harris' memory. This memory of dates, places and time of year. And of events which supposedly occurred during that time span.  The prosecution circumstantial evidence fail to prove that the incidents alleged happen at all.

Megan Harris Gatewood testified, she remembered Michael Rick putting his hand on her breast one time during a visit to his job office. Subsequently, he begin to visit her in her bedroom at night and lick her vagina. That he tried one

time to have penile intercourse with her. How old she was at this time was not proven. This repeated occurrence happen and no one knew about these visits but Megan. It was a mere rendition of something that she said happen. The petitioner denied every allegation presented. Petitioner testimony was disregarded by the jury due to the persuasive speech by the prosecutor. The state used circumstances which had no bearing on the case such as the incident where petitioner kissed Megan's 3 year old cousin on the knee. This incident occurred before the incidents concerning Megan was made known. Her aunt and uncle referred to him as a pervert indicating they knew of other incidents he performed.

The wife's testimony could have and would have revealed a truth had she testified for the state or defense. During a 90 day period, Rick, a big man, who stood six feet-two, weighed 290 pounds, had one leg. used a cane, wheel chair or his prosthetic leg to move around, who sleep in a bed with his wife, supposedly, left their bed many times during the early morning hours and she did not have knowledge of his leaving or returning. Impossible. This testimony was crucial to the defense. The jury would have had a reasonable concerning Megan's testimony.

## CONCLUSION

WHEREFORE, in light of the argument, petitioner ask that this Honorable Court review his claim cumulatively in the interest of justice, in regard to the facts in dispute presented herein. Since Mr. Rick has demonstrated from the record had his wife testified the outcome of the proceeding would be different. A different judge or jury would no doubt see this case in a different light if all the facts were known. Petitioner prays that this court set aside his conviction and sentence, ordering to grant him a new trial or as an alternate an

evidentiary hearing to determine the truth of the matter.

Respectfully submitted,

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

## CERTIFICATE

I, Michael E. Rick,  hereby certify that a true and correct copy of the foregoing has this day been served upon the district attorney in and for the Parish of St. Tammany, State of Louisiana, by placing a copy of the same in the U.S. Mail, postage prepaid, on this _____ day of _____, 2015.

Walter Reed, District Attorney
701 N. Columbia St.
Covington, LA 70433

x _____

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

11.

# EXHIBIT "B"
# 22ND Judicial District Court Judgment.

STATE OF LOUISIANA

VERSUS

MICHAEL E. RICK

FILED: 3-16-15

NUMBER: 490278  "C"

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

DEPUTY CLERK

## ORDER

This Court has considered defendant, Michael E. Rick's, Petition for Post Conviction Relief. The St. Tammany Parish District Attorney filed an answer in this matter on March 16, 2015. The Court has reviewed the entire record and finds that the issues raised in the Petition for Post Conviction Relief may be decided on the record and no evidentiary hearing is necessary.

The Court finds that Petitioner has failed to prove grounds upon which relief shall be granted. Accordingly, this Court finds that the Petition of defendant is without merit and must be denied.

IT IS HEREBY ORDERED that the Petition for Post-Conviction Relief filed by Michael E. Rick is denied.

IT IS FURTHER ORDERED that the Clerk of Court for the Parish of St. Tammany give notice of this denial to Petitioner, the District Attorney for the Parish of St. Tammany and the Petitioner's custodian.

SIGNED AT COVINGTON, LOUISIANA, this 16th day of March, 2015.

RICHARD A. SWARTZ, JUDGE
Division "C"

# EXHIBIT "C"
# Writ of Review Court of Appeal 1st Circuit

IN THE
COURT OF APPEALS FIRST CIRCUIT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO. 490278

State ex. rel.,  MICHAEL E. RICK
Petitioner

– Versus –

BURL CAIN, Warden
Louisiana State Penitentiary
Respondent

APPLICATION FOR SUPERVISORY WRIT OF REVIEW TO REVIEW THE
TWENTY SECOND JUDICIAL DISTRICT COURT JUDGMENT; THE
HONORABLE RICHARD A. SWARTZ, DIVISION "C"  NUMBER 490278 PARISH
OF ST. TAMMANY, STATE OF LOUISIANA.

Submitted by:

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

Assisted by:
Frank Motion #095492
Offender Counsel Substitute
Criminal Litigation Team
Legal AID Office
Louisiana State Penitentiary

*Pro Se Criminal Proceeding*

TABLE OF CONTENTS

PAGE

JURISDICTIONAL   STATEMENT ...................................................................1

STATEMENT OF THE CASE.........................................................................1

FACTS...............................................................................................................2

ISSUE................................................................................................................2

ARGUMENT.....................................................................................................2

CONCLUSION.................................................................................................9

CERTIFICATE OF SERVICE........................................................................10

EXHIBITS:

EXHIBIT "A"    Post Conviction Application
EXHIBIT "B"    22ND Judicial District Court Judgment

ISSUES OF LAW

1.   WHETHER COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974.

Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Investigate; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration;

Appellant raised one Claim which if established would entitled him to relief. The trial judge stated, after a review of the entire record, the issues raised, maybe decided on the record and no evidentiary hearing is necessary. Petitioner failed to proved grounds upon which relief shall be granted. Petition is without merits and must be denied. This decision is in conflict with rulings of this Honorable Court.

ISSUE PRESENTED FOR REVIEW

Counsel Failed to Present a Valid Alibi Defense in petitioner's Behalf; To Introduce Crucial Evidence for the Jury's Consideration; to Properly Prepare for Trial; to Render Meaningful Investigation; to Confront His Accuser; to Render Crucial Cross Examination?

## JURISDICTIONAL STATEMENT

On March 16, 2015, the Richard A. Swartz, Judge of Division "C" of the 22nd Judicial District Court denied appellant application for post conviction relief. The appellant timely filed a Motion of Intent to Seek Writs in the district court, and the court granted appellant's request. Thus, pursuant to Louisiana Court of Appeal Rule 4-2 of the rules governing this Court, appellant invokes the jurisdiction of this court to consider this writ application.    [T]his judgment was received by the Department of Corrections Legal Programs department on March 18, 2015.

## THE STATEMENT OF THE CASE

On June 24, 2010, Michael E. Rick was charged by grand jury indictment with one count of aggravated rape, a violation of La. R.S. 14:42 and one count of aggravated incest a violation of La. R.S. 14:78.1. After a two day trial by jury, on February 8, 2012, He was found guilty as charged on both counts by a 10-2 jury vote. Mr. Rick filed trial motions for a new trial and for post verdict judgment of acquittal, both of which were denied. Thereafter, the trial court sentenced him to life in prison without benefit of parole, probation or suspension of sentence for aggravated rape and twenty years at hard labor for aggravated incest with the sentences being ordered to run concurrently. Mr. Rick filed a motion to reconsider his sentence, which was summarily denied. The Court of Appeal, First Circuit, affirmed conviction and sentence. See *State v. Rick,* No. 2012-KA-1569(4-26-13). Louisiana Supreme Court denied certiorari, *State v. Rick*, No. 2013-KA-1219(11-22-13). United States Supreme Court denied Certiorari, see (4-  -14). petitioner timely filed an application for post-conviction relief. The trial court, 22nd Judicial District Court denied petition. See No. 490278, it is from this decision he submits this writ of review.

1

### FACTUAL BASIS

According to State witnesses, when Megan Harris was around ten years old, defendant Michael E. Rick married her mother. Megan Harris testified that Mr. Rick performed oral sex on her on numerous occasions during the time that she was twelve and thirteen years of age, and that Mr. Rick had attempted to engage in penile sex with her on one occasion during this same time period. Mr. Rick plead not guilty to the charges and denied these allegations.

### ARGUMENT

ISSUE ONE:

> COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF 1974.

> Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation; To Investigate; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration;

### ARGUMENT IN SUPPORT OF CLAIM ONE

Louisiana Constitution Article 1, §§ 2, 13 and 16 guarantees a defendant in a criminal prosecution the right to be represented by counsel. Furthermore, the defendant is guaranteed that such counsel will serve effectively and competently, and will perform certain duties necessary to adequately represent his client's interest. Louisiana Constitution Article 1, § 16 guarantees a defendant in a criminal prosecution the right to present a defense. *State v. Everidge*, 702 So.2d 680 (La. 1997).

A claim of ineffective assistance of counsel is assessed by utilizing the two prong test set forth in *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)], and adopted by the State of Louisiana in *State v. Fuller*, 454 So. 2d 119 (La. 1984). The defendant must show that the attorney's performance was deficient, and that the deficiency prejudiced him. There must be a showing

2

that there is a reasonable probability that counsel's error undermined the proper functioning of the adversarial process.

Petitioner argues his counsel violated his right to effective counsel when he failed
to Properly Prepare for Trial; to Render Meaningful Investigation; To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration; which was " relevant to the  issue material in [his] case."

A defendant's right to present a defense is sanctioned constitutionally and he can testify to or give evidence on any matter relevant to an issue material in the case. *Everidge*, supra;  *State v. Short*, 655 So.2d 790, 793 (La. App. 4 Cir. 1995).

At the time of the crime Aggravated Rape was defined as:   "In relevant part La. R.S. 14:42. states"

> A.)   Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the  anal, oral or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances;
>
> A(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

To prove aggravated rape the prosecution had to prove that the victim was under the age of  thirteen and the anal, oral or vaginal was penetrated to some degree.

Prior to trial, petitioner informed his counsel that, on March 30, 2012 he was arrested in Hammond, Louisiana and placed in the custody of the Hammond Police Department for six hours.  Subsequently, he was released.. On the afternoon of March 31, 2012 the a Saint Tammany Parish Police Department Detective arrived at his home and arrested him. He was brought to the Saint Tammany Parish Sheriff's Office and questioned concerning the aggravated rape of Megan Gatewood. He was then transported to Saint Tammany Parish Prison. During the course of this trip he was again questioned.

He was informed that he had been a fugitive for pass three years. That he was wanted for the aggravated rape of Megan Gatewood. He was surprised by this allegation. He was arrested and placed in the custody of Saint Tammy Parish Prison. It was not until his arrest, that he began his investigation concerning this allegation. He went on to explain his relationship with his estrange wife and former family. He explain how and when they met, how long they lived together, where and how long they were married, where they lived and worked.

He explained that during the latter part of October 1993, by way of a friend, he was introduced to Jennifer Hernandez. At this time, Jennifer was a single parent with a 3 to 4 month old baby named Megan, and no where to live. Rick's friend asked him, to allow Jennifer to stay with him, until she could get her own place. This arrangement quickly became a relationship where he and Jennifer live together for approximately one year. During this time period, Rick never met or spoke with any of Jennifer's family. During the early part of 1994, Rick meet Susie, Jennifer's sister. Susie informed Jennifer that their mother was sick and took Jennifer to visit her mother in the hospital. Jennifer stayed away for two days, returning to Rick's home on a Sunday evening. At this time, she informed Rick that she had to end their relationship due to religious reasons. She then moved back to her mother's home. Realizing, he had fallen in love with Jennifer, he asked her to marry him. He then moved to Covington, Louisiana, where he bought a home, he and Jennifer had once desired. When he informed her that he had purchased this particular home, Jennifer asked "how did he pay for it." He said "with cash." Jennifer became uneasy and changed her mind about the marriage. According to Rick, he learned the reason for her actions was due to her family members saying negative things about him, such as he was a thug and drug dealer. He and Jennifer discontinued seeing each other.

4.

Years later, October 2004, Rick traveling to Boloxic, passed through Covington, Louisiana. He stopped to have lunch at the Waffle House. He discovered that Jennifer was working there. They rekindled their relationship and married two week later. The wedding was held in Baton Rouge, Louisiana. Jennifer invited her family to their wedding, however, none of her family members attended. None of her family liked Rick. When they returned from Baton Rouge, Jennifer who mother had been living with her for several years, began to argue about her marrying Rick. During the course of the argument, Jennifer ask her mother leave her home. In September of 2004, the couple relocated to Baton Rouge, Louisiana. Shortly thereafter, June 2005, Rick begin suffering health problems. He quit his job and begin receiving Disability. During August of 2005, they moved to Abita Springs, Louisiana. Shortly thereafter, Jennifer received a fifteen thousand dollar check. This begin an era of confusion.

During the early part of September 2005, Susie, a sister to Jennifer, accursed Rick of inappropriately touching her daughter. Jennifer's mother, introduced her to another guy who lived in Missouri. Rick was not the husband of her mother's choice. However, this relationship did not evolve. Once again, Rick and Jennifer rekindled their relationship. The children, Megan and Olivia remained living with their aunt Kathy. Two weeks later, Jennifer went to get her two daughters. She Megan decided to stay with her Aunt Kelly, so she only had Olivia. A week later, the Sheriff arrived with documents and removed Olivia from their custody. Rick learned that Jennifer's family did not want the children living with Rick. They file claims concerning Jenifer's parenting. Jennifer tried for three months to get her children back. In the end, she signed documents granted her sister Kathy custody of her two children. She and Rick moved to Alabama, where they stayed for one year without contact from her family. For Christmas

they returned to Louisiana, to visit with her kids. She decided she wanted to move back to Louisiana so that she could visit the kids more often. Finally, they moved to Pumpkin Center, Louisiana. Jennifer visited the kids weekly. A short time, after returning, Jennifer begin talking about terminating their relationship. Rick, accepted all he could mentally, informed Jennifer that he was moving on. Leaving her all physical possession he terminated their relationship.

According to the prosecution, Rick raped Megan Gatewood on several occasion during the time period of June 1, 2005 thru November 1, 2005. The prosecution presented several  state employees as witnesses, and an ex boyfriend, none who was an eyewitness to the crime but were able to determine from Megan Gatewood's story seven years later that Rick committed this act. The prosecution presented Megan Gatewood as their main witness pitting her word against Rick's on how and when this alleged incident occurred.  Megan testified seven years later, that when she was twelve years old Rick place his hand down her blouse and touched her breast. She never told anyone.  Shortly thereafter, she said, Rick begin sneaking into her bed room during the early morning hours and performing cunnilingus on her vagina. Her mother and sister lived in this house with her and Rick. Rick slept in the bedroom with her mother. She said only one time did Rick try to inset his penis into her vagina. Several years later, she told her then boyfriend about Rick's action. Her boyfriend convinced her to tell someone. She told her Counsel at the Child Advocacy Center (CAC) who reported this incident. Rick denied all allegations.

In this case, there is no evidence to show that Michael Rick molested Megan Harris Gatewood, or had any kind of sexual relations when she was twelve or thirteen years of age.

Rick's, defense counsel presented no evidence, but Rick's testimony. Their were volumes of evidence that could have been obtained in Ricks behalf. Such

as, Police Reports where witnesses or supporters gave statements. The testimony of the Aunt and Sister who did not like Rick and the uncle he referred to him as a pervert. An most of all, the one person who could have settled this matter. Rick's wife, Megan's mother, Who he sleep in bed with every night. At the time of this incident, Rick was a big man, he stood six feet-two, weighed 290 pounds and had one leg. He used a cane, wheel chair or his prosthetic leg to move around.

Had defense counsel, reviewed the police reports she would have been aware of the complainant. Who formerly brought charges against the petitioner. During Megan's testimony defense counsel allowed several hearsay statements to be heard by the jury. Such as the argument she had with her aunt and Uncle when they referred to Rick as a pervert. Additionally, the story about him molesting Megan's 3 year old cousin. Defense counsel failed to present any evidence in petitioner's defense. Petitioner, testified that he slept with his wife, when petitioner left his bed, he had to rise up, sit on the side of the bed, put on his leg, position his wheel chair or retrieve his cane in order to walk.

Had defense counsel called Jennifer Hernandez as a witness, she could have told the jury whether Rick could leave their bed without her knowing. She would have been able to tell the jury if he did leave their bed and how long he stayed away. To enter their bed he had to use the procedure, first, get out of the will chair, sit on the bed, remove his leg, then lay down 290 pounds. His wife would have known how often he left their bed because he had to awaken her to leave or to get in. This is a situation, because of the victim's age, the jury would easily believe such a person. Although, she claimed to be a God fearing Christian, understanding right and wrong  it was four years later she made these allegations.

Had defense counsel presented this evidence, the jury would have had

7.

some doubt as to whether this act did happen.  Understanding how a 290 lbs man, with one leg can get in and out of bed without his wife knowing when he left and when he returned.

PREJUDICE

When analyzing prejudice in an ineffective assistance of counsel case, a court should not focus solely on outcome determination, without considering whether the result of the proceeding was unreliable or fundamentally unfair. The touchstone of the prejudice inquiry is the fairness of the trial and the reliability of the jury or judge's verdict in light of any errors made by counsel, not solely the outcome of the case. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069.

The evidence against Rick consisted solely of the testimony of the victim, Megan Harris Gatewood.  Who at the age of nineteen, testified to events which occurred approximately seven years prior to the date of trial.  No evidence was presented to prove the prosecution's theory. The prosecution's case consisted solely of Megan Harris' memory. This memory of dates, places and time of year. And of events which supposedly occurred during that time span.   The prosecution circumstantial evidence fail to prove that the incidents alleged happen at all.

Megan Harris testified, she remembered Michael Rick putting his hand on her breast one time during a visit to his job office. Subsequently, he begin to visit her in her bedroom at night and lick her vagina. That he tried one time to have penile intercourse with her.  How old she was at this time was not proven.  This repeated occurrence happen and no one knew about these visits but Megan. It was a mere rendition of something that she said happen. The petitioner denied every allegation presented.  Petitioner testimony was disregarded by the jury due to the persuasive speech by the prosecutor. The state used circumstances which had no bearing on the case such as the incident where petitioner kissed

8.

Megan's 3 year old cousin on the knee.   This incident occurred before the incidents concerning Megan was made known.   Her aunt and uncle referred to him as a pervert indicating they knew of other incidents he performed.

The wife's testimony could have and would have revealed a truth had she testified for the state or defense.   During a 90 day period, Rick, a big man, who stood six feet-two, weighed 290 pounds, had one leg. used a cane, wheel chair or his prosthetic leg to move around, who sleep in a bed with his wife, supposedly, left their bed many times during the early morning hours and she did not have knowledge of his leaving or returning. Impossible.   This testimony was crucial to the defense. The jury would have had a reasonable concerning Megan's testimony.


## CONCLUSION

WHEREFORE, in light of the argument, petitioner ask that this Honorable Court review his claim cumulatively in the interest of justice, in regard to the facts in dispute presented herein. Since Mr. Rick has demonstrated from the record that a had his wife testified the outcome of the proceeding would be different. A different judge or jury would no doubt see this case in a different light if all the facts were known.   Petitioner prays that this court set aside his conviction and sentence, ordering to grant him a new trial or as an alternate an evidentiary hearing to determine the truth of the matter.


Respectfully submitted,

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

9.

## CERTIFICATE

I, Michael E. Rick,  hereby certify that a true and correct copy of the foregoing has this day been served upon the district attorney in and for the Parish of  St. Tammany, State of Louisiana, by placing a copy of the same in the U.S. Mail, postage prepaid, on this _____ day of _____, 2015

Walter Reed, District Attorney
701 N. Columbia St.
Covington, LA 70433

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

10.

# EXHIBIT "D"
# First Circuit Court of Appeal Judgment

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

MICHAEL E. RICK

NO.   2015 KW 0622

JUL 1 3 2015

In Re:   Michael E. Rick, applying for supervisory writs, 22nd
         Judicial District Court, Parish of St. Tammany, No.
         490278.

BEFORE:   WELCH, CRAIN AND DRAKE, JJ.

WRIT DENIED.

WJC
EGD
JEW

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

# EXHIBIT  "E"
# La. Supreme Court Certiorari

COURT RULES

APPENDIX C, SUPREME COURT OF LOUISIANA
WRIT APPLICATION FILING SHEET

No. _____

TO BE COMPLETED BY COUNSEL
or PRO SE LITIGANT FILING APPLICATION

TITLE

Applicant: Jeremy Jennings Brooks
Have there been any other filings in this
Court in this matter?    Yes    No X

MICHAEL EVERETT RICK _____

VS

Are you seeking a Stay Order? __ No
Priority Treatment? _____ No

STATE OF LOUISIANA

If so you MUST complete & attach a Priority Form

LEAD COUNSEL PRO SE LITIGANT INFORMATION

APPLICANT: Michael E. Rick _____
Name: Michael Everett Rick _____
Address: La. State Prison _____
Angola, Louisiana 70712

RESPONDENT District Attorney _____
Name: Walter Reed _____
Address: 701 N. Columbia St _____
Covington, LA 7043

Phone: _____ Bar Roll No. _____    Phone _____ Bar Roll No. _____
Pleading being Filed: [xx] In Proper Person,    [ ] In Forma Pauperis
Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties
they represent.

TYPE OF PLEADING

[ ] Civil,    [X] Criminal,    [ ] Bar,    [ ] Civil Juvenile,    [ ] Criminal Juvenile, [ ]
Other

ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court: _____    Docket No. _____
Judge/Commissioner/Hearing Officer: _____    Ruling Date _____

DISTRICT COURT INFORMATION

Parish and Judicial District Court: St. Tammany Parish 22nd JDC _____    Docket No. 490278
Judge and Section: Richard A. Swartz    Date of Ruling/Judgment: 2 - 8 - 2012

APPELLATE COURT INFORMATION, JUDGMENT

Circuit: FIRST CIRCUIT _____    Filing Date: N/A _____    Docket No. 2012-KA-1569
Applicant in Appellate Court: MICHAEL E. RICK _____    Ruling Date: 4 - 26 - 2013
Panel of Judges: WELCH ____ CRAIN ____ DRAKE _____    En Banc

REHEARING INFORMATION

Applicant: _____    Date Filed: _____    Action on Rehearing: _____
Ruling Date: _____    Panel of Judges: _____    En Banc

PRESENT STATUS

Pre-Trial, Hearing/Trial Scheduled Date: _____    [ ] Trial in Progress,    [X] Post Trial
Is there a stay now in effect? _____ Has this pleading been filed simultaneously in any other court?
If so, explain briefly

VERIFICATION

I certify that the above information and all of the information contained in this application is true and
correct to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme
Court Rule X, are attached to this filing. I further certify that a copy of this application has been mailed
or delivered to the appropriate court of appeal (if required), to the respondent judge in the case of a
remedial writ, and to all other counsel and unrepresented parties

_____
SIGNATURE

_____
DATE

IN THE
SUPREME COURT OF LOUISIANA

NO. _____

_____

DOCKET NO.

_____

State ex. rel., MICHAEL E. RICK
Petitioner

– Versus –

BURL CAIN, Warden
Louisiana State Penitentiary
Respondent

_____

APPLICATION FOR SUPERVISORY WRIT OF CERTIORARI TO REVIEW THE
COURT OF APPEAL, FIRST CIRCUIT, JUDGMENT NO. 2015-KW-0622; THE
HONORABLES WELCH, CRAIN,  DRAKE, JJ; THE HONORABLE  RICHARD A.
SWATZ DIVISION " " NUMBER 490278, TWENTY SECOND JUDICIAL DISTRICT
COURT,  PARISH OF ST. TAMMANY, STATE OF LOUISIANA
_____

Submitted by:

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

Assisted by:
Frank Molton #095492
Offender Counsel Substitute
Criminal Litigation Team
Legal AID Office
Louisiana State Penitentiary

*Pro Se Criminal Proceeding*

TABLE OF CONTENTS

PAGE

STATEMENT OF CONSIDERATION FOR GRANTING THE WRIT..........................1

PROCEDURE HISTORY ..........................................................................1

FACTS OF THE CASE ...........................................................................1

ISSUE NUMBER ONE ...........................................................................2

CONCLUSION.......................................................................................8

CERTIFICATE OF SERVICE.....................................................................9

EXHIBITS:

EXHIBIT "A"     Post Conviction Application
EXHIBIT "B"     22ND Judicial District Court Judgment
EXHIBIT "C"     Writ of Review  Court of Appeal 1st Circuit
EXHIBIT "D"     First Circuit Court of Appeal Judgment

ISSUES OF LAW

1.   WHETHER COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE
TO ANY MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE
SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES
CONSTITUTION AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA
CONSTITUTION OF 1974.

Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation;
To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for
the Jury's Consideration;

Appellant raised one Claim which if established would entitled him to relief.
The trial judge denied his application stating, "after a review of the entire record, the
issues raised, maybe decided on the record and no evidentiary hearing is necessary."
Petitioner failed to proved grounds upon which relief shall be granted. Petition is
without merits and must be denied.

In this case, the trial record, reveal that Defense Counsel failed to investigate
and present a valid alibi defense. [A]t the time of this incident,  Rick was a big man,
he stood six feet-two, weighed 290 pounds and had one leg. He used a cane, wheel
chair or his prosthetic leg to move around. Rick's wife, Megan's mother, Who he sleep
in bed with every night was not called as a witness by the state nor the defense. This
witness could have answered the question needed to be ask, which is, [c]ould Rick get

i.

in and out of bed without her knowing when he did so. "IMPOSSIBLE." This is the only witness who can answer this question. Counsel never interviewed Mrs. Rick nor did he call her as a witness. This witness could have been essential to the State's case. However, the State never called Mrs. Rick as a witness.

Petitioner ask that this court grant him an evidentary hearing to determind the content of this witness testimony and to determine if the jury had heard her testimony would it have change the out come of the trial. The lower court's decisions is in conflict with rulings of this Honorable Court.

## ISSUE PRESENTED FOR REVIEW

To     Whether Counsel Failed to Present a Valid Alibi Defense in petitioner's Behalf; Introduce Crucial Evidence for the Jury's Consideration; to Properly Prepare for Trial; to Render Meaningful Investigation; to Confront His Accuser; to Render Crucial Cross Examination?

## STATEMENT OF CONSIDERATION FOR GRANTING THE WRIT

This application should be granted because the Court Appeals, First Circuit decision conflict with the decision of this Honorable Court and the United States Supreme Court on the same issues.  See Sup. CT Rule X(a)(4).

## THE STATEMENT OF THE CASE

On June 24, 2010, Michael E. Rick was charged by grand jury indictment with one count of aggravated rape, a violation of  La. R.S. 14:42 and one count of aggravated incest a violation of La. R.S. 14:78.1. After a two day trial by jury, on February 8, 2012, He was found guilty as charged on both counts by a 10-2 jury vote. Mr. Rick filed trial motions for a new trial and for post verdict judgment of acquittal, both of which were denied. Thereafter, the trial court sentenced him to life in prison without benefit of parole, probation or suspension of sentence for aggravated rape and twenty years at hard labor for aggravated incest with the sentences being ordered to run concurrently. Mr. Rick filed a motion to reconsider his sentence, which was summarily denied. The Court of Appeal, First Circuit, affirmed conviction and sentence. See *State v. Rick,* No. 2012-KA-1569(4-26-13). Louisiana Supreme Court denied certiorari, *State v. Rick*, No. 2013-KA-1219(11-22-13). United States Supreme Court denied Certiorari, see   (4-    -14). Petitioner timely filed an application for post-conviction relief. The trial court, 22nd Judicial District Court denied petition.. The Court of Appeal, First Circuit, Judgment No.. 2015-kw-0622;   it is from this decision he submits this writ of review.

## FACTUAL BASIS

According to State witnesses, when Megan Harris was around ten years old, defendant Michael E. Rick married her mother. Megan Harris testified that Mr. Rick performed oral sex on her on numerous occasions during the time that she was twelve and thirteen years of age, and that Mr. Rick had attempted to engage in penile sex with her on one occasion during this same time period.  Mr. Rick plead not guilty to the charges and denied these allegations.

1.

## ARGUMENT

ISSUE ONE:

> COUNSEL FAILED TO SUBJECT THE PROSECUTION'S CASE TO ANY
> MEANINGFUL ADVERSARIAL TESTING IN VIOLATION OF THE SIXTH AND
> FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
> AND ARTICLE 1 §§ 2, 13 AND 16 OF THE LOUISIANA CONSTITUTION OF
> 1974.

> Counsel Failed to Properly Prepare for Trial; to Render Meaningful Investigation;
> To Investigate; To Present a Valid Alibi Defense in His Behalf; To Introduce
> Crucial Evidence for the Jury's Consideration;

### ARGUMENT IN SUPPORT OF CLAIM ONE

Louisiana Constitution Article 1, §§ 2, 13 and 16 guarantees a defendant in a criminal prosecution the right to be represented by counsel. Furthermore, the defendant is guaranteed that such counsel will serve effectively and competently, and will perform certain duties necessary to adequately represent his client's interest. Louisiana Constitution Article 1, § 16 guarantees a defendant in a criminal prosecution the right to present a defense. *State v. Everidge*, 702 So.2d 680 (La. 1997).

A claim of ineffective assistance of counsel is assessed by utilizing the two prong test set forth in *Strickland   v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)], and adopted by the State of Louisiana in *State v. Fuller*, 454 So. 2d 119 (La. 1984). The defendant must show that the attorney's performance was deficient, and that the deficiency prejudiced him. There must be a showing that there is a reasonable probability that counsel's error undermined the proper functioning of the adversarial process.

Petitioner argues his counsel violated his right to effective counsel when he failed to Properly Prepare for Trial; to Render Meaningful Investigation;  To Present a Valid Alibi Defense in His Behalf; To Introduce Crucial Evidence for the Jury's Consideration; which was " relevant to the  issue material in [his] case."

A defendant's right to present a defense is sanctioned constitutionally and he can testify to or give evidence on any matter relevant to an issue material in the case. *Everidge,* supra;  *State v. Short*, 655 So.2d 790, 793 (La  App. 4 Cir. 1995)

At the time of the crime Aggravated Rape was defined as:   "In relevant part La. R.S. 14:42. states"

A.)    Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances,

A(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

To prove aggravated rape the prosecution had to prove that the victim was under the age of thirteen and the anal, oral or vaginal was penetrated to some degree.

Prior to trial, petitioner informed his counsel that, on March 30, 2012 he was arrested in Hammond, Louisiana and placed in the custody of the Hammond Police Department for six hours.   Subsequently, he was released..   On the afternoon of March 31, 2012 the a Saint Tammany Parish Police Department Detective arrived at his home and arrested him. He was brought to the Saint Tammany Parish Sheriff's Office and questioned concerning the aggravated rape of Megan Gatewood. He was then transported to Saint Tammany Parish Prison. During the course of this trip he was again questioned.  He was informed that he had been a fugitive for pass three years. That he was wanted for the aggravated rape of Megan Gatewood. He was surprised by this allegation.  He was arrested and placed in the custody of Saint Tammy Parish Prison.  It was not until his arrest, that he began his investigation concerning this allegation. He went on to explain his relationship with his estrange wife and former family. He explain how and when they met, how long they lived together, where and how long they were married, where they lived and worked.

He explained that during the latter part of October 1993, by way of a friend, he was introduced to Jennifer Hernandez. At this time, Jennifer was a single parent with a 3 to 4 month old baby named Megan, and no where to live. Rick's friend asked him, to allow Jennifer to stay with him, until she could get her own place. This arrangement quickly became a relationship where he and Jennifer live together for approximately one year. During this time period, Rick never met or spoke with any of Jennifer's family. During the early part of 1994, Rick meet Susie, Jennifer's sister. Susie informed

3.

Jennifer that their mother was sick and took Jennifer to visit her mother in the hospital Jennifer stayed away for two days, returning to Rick's home on a Sunday evening. At this time, she informed Rick that she had to end their relationship due to religious reasons. She then moved back to her mother's home. Realizing, he had fallen in love with Jennifer, he asked her to marry him. He then moved to Covington, Louisiana, where he bought a home, he and Jennifer had once desired. When he informed her that he had purchased this particular home. Jennifer asked "how did he pay for it." He said "with cash." Jennifer became uneasy and changed her mind about the marriage. According to Rick, he learned the reason for her actions was due to her family members saying negative things about him, such as he was a thug and drug dealer. He and Jennifer discontinued seeing each other.

Years later, October 2004, Rick traveling to Biloxic, passed through Covington, Louisiana. He stopped to have lunch at the Waffle House. He discovered that Jennifer was working there. They rekindled their relationship and married two week later. The wedding was held in Baton Rouge, Louisiana. Jennifer invited her family to their wedding, however, none of her family members attended. None of her family liked Rick. When they returned from Baton Rouge, Jennifer who mother had been living with her for several years, began to argue about her marrying Rick. During the course of the argument, Jennifer ask her mother leave her home. In September of 2004, the couple relocated to Baton Rouge, Louisiana. Shortly thereafter, June 2005, Rick begin suffering health problems. He quit his job and begin receiving Disability. During August of 2005, they moved to Abita Springs, Louisiana. Shortly thereafter, Jennifer received a fifteen thousand dollar check. This begin an era of confusion.

During the early part of September 2005, Susie, a sister to Jennifer, accursed Rick of inappropriately touching her daughter. Jennifer's mother, introduced her to another guy who lived in Missouri. Rick was not the husband of her mother's choice. However, this relationship did not evolve. Once again, Rick and Jennifer rekindled their relationship. The children, Megan and Olivia remained living with their aunt Kathy. Two weeks later, Jennifer went to get her two daughters. She Megan decided to

stay with her Aunt Kelly, so she only had Olivia. A week later, the Sheriff arrived with documents and removed Olivia from their custody. Rick learned that Jennifer's family did not want the children living with Rick. They file claims concerning Jenifer's parenting. Jennifer tried for three months to get her children back. In the end, she signed documents granted her sister Kathy custody of her two children. She and Rick moved to Alabama, where they stayed for one year without contact from her family. For Christmas they returned to Louisiana, to visit with her kids. She decided she wanted to move back to Louisiana so that she could visit the kids more often. Finally, they moved to Pumpkin Center, Louisiana. Jennifer visited the kids weekly. A short time, after returning, Jennifer begin talking about terminating their relationship. Rick, accepted all he could mentally, informed Jennifer that he was moving on. Leaving her all physical possession he terminated their relationship.

According to the prosecution, Rick raped Megan Gatewood on several occasion during the time period of June 1, 2005 thru November 1, 2005. The prosecution presented several state employees as witnesses, and an ex boyfriend, none who was an eyewitness to the crime but were able to determine from Megan Gatewood's story seven years later that Rick committed this act. The prosecution presented Megan Gatewood as their main witness pitting her word against Rick's on how and when this alleged incident occurred. Megan testified seven years later, that when she was twelve years old Rick place his hand down her blouse and touched her breast. She never told anyone. Shortly thereafter, she said, Rick begin sneaking into her bed room during the early morning hours and performing cunnilingus on her vagina. Her mother and sister lived in this house with her and Rick. Rick slept in the bedroom with her mother. She said only one time did Rick try to inset his penis into her vagina. Several years later, she told her then boyfriend about Rick's action. Her boyfriend convinced her to tell someone. She told her Counsel at the Child Advocacy Center (CAC) who reported this incident. Rick denied all allegations.

In this case, there is no evidence to show that Michael Rick molested Megan Harris Gatewood, or had any kind of sexual relations when she was twelve or thirteen

years of age.

Rick's, defense counsel presented no evidence, but Rick's testimony. Their were volumes of evidence that could have been obtained in Ricks behalf. Such as, Police Reports where witnesses or supporters gave statements. The testimony of the Aunt and Sister who did not like Rick and the uncle he referred to him as a pervert. An most of all, the one person who could have settled this matter. Rick's wife, Megan's mother, Who he sleep in bed with every night. At the time of this incident, Rick was a big man, he stood six feet-two, weighed 290 pounds and had one leg. He used a cane, wheel chair or his prosthetic leg to move around.

Had defense counsel, reviewed the police reports she would have been aware of the complainant. Who formerly brought charges against the petitioner.   During Megan's testimony defense counsel allowed several hearsay statements to be heard by the jury. Such as the argument she had with her aunt and Uncle when they referred to Rick as a pervert. Additionally, the story about him molesting Megan's 3 year old cousin.   Defense counsel failed to present any evidence in petitioner's defense. Petitioner, testified that he slept with his wife, when petitioner left his bed, he had to rise up, sit on the side of the bed, put on his leg,  position his wheel chair or retrieve his cane in order to walk.

Had defense counsel called Jennifer Hernandez as a witness, she could have told the jury whether Rick could leave their bed without her knowing. She would have been able to tell the jury if  he did leave their bed and how long he stayed away. To enter their bed he had to use the procedure, first, get out of the will chair, sit on the bed, remove his leg, then lay down 290 pounds. His wife would have known how often he left their bed because he had to awaken her to leave or to get in. This is a situation, because of the victim's age, the jury would easily believe such a person. Although, she claimed to be a God fearing Christian, understanding right and wrong  it was four years later she made  these allegations.

Had defense counsel presented this evidence, the jury would have had some doubt as to whether this act did happen.  Understanding how a 290 lbs man, with one

6.

leg can get in and out of bed without his wife knowing when he left and when he returned.

Prejudice

When analyzing prejudice in an ineffective assistance of counsel case, a court should not focus solely on outcome determination, without considering whether the result of the proceeding was unreliable or fundamentally unfair. The touchstone of the prejudice inquiry is the fairness of the trial and the reliability of the jury or judge's verdict in light of any errors made by counsel, not solely the outcome of the case. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069.

The evidence against Rick consisted solely of the testimony of the victim, Megan Harris Gatewood.  Who at the age of nineteen, testified to events which occurred approximately seven years prior to the date of trial.  No evidence was presented to prove the prosecution's theory. The prosecution's case consisted solely of Megan Harris' memory. This memory of dates, places and time of year.  And of events which supposedly occurred during that time span.  The prosecution circumstantial evidence fail to prove that the incidents alleged happen at all.

Megan Harris testified, she remembered Michael Rick putting his hand on her breast one time during a visit to his job office. Subsequently, he begin to visit her in her bedroom at night and lick her vagina. That he tried one time to have penile intercourse with her.  How old she was at this time was not proven.  This repeated occurrence happen and no one knew about these visits but Megan. It was a mere rendition of something that she said happen. The petitioner denied every allegation presented. Petitioner testimony was disregarded by the jury due to the persuasive speech by the prosecutor. The state used circumstances which had no bearing on the case such as the incident where petitioner kissed Megan's 3 year old cousin on the knee.  This incident occurred before the incidents concerning Megan was made known.  Her aunt and uncle referred to him as a pervert indicating they knew of other incidents he performed.

The wife's testimony could have and would have revealed a truth had she

7.

testified for the state or defense.  During a 90 day period, Rick, a big man, who stood six feet-two, weighed 290 pounds, had one leg, used a cane, wheel chair or his prosthetic leg to move around, who sleep in a bed with his wife, supposedly, left their bed many times during the early morning hours and she did not have knowledge of his leaving or returning. Impossible.  This testimony was crucial to the defense. The jury would have had a reasonable doubt concerning Megan's testimony.

## CONCLUSION

WHEREFORE, in light of the argument, petitioner ask that this Honorable Court review his claim cumulatively in the interest of justice, in regard to the facts in dispute presented herein. Since Mr. Rick has demonstrated from the record that a had his wife testified the outcome of the proceeding would be different. A different judge or jury would no doubt see this case in a different light if all the facts were known.  Petitioner prays that this court set aside his conviction and sentence, ordering to grant him a new trial or as an alternate an evidentiary hearing to determine the truth of the matter.

Respectfully submitted,

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

8.

## CERTIFICATE

I, Michael E. Rick, hereby certify that a true and correct copy of the foregoing has this day been served upon the district attorney in and for the Parish of St. Tammany, State of Louisiana, by placing a copy of the same in the U.S. Mail, postage prepaid, on this _____ day of _____, 2015

Walter Reed
District Attorney
701 N. Columbia St.
Covington, LA 70433

MICHAEL E. RICK
#397747 ASH #2
La. State Penitentiary
Angola, Louisiana 70712

# EXHIBIT  "F"
# Louisiana Supreme Court Judgment

# The Supreme Court of the State of Louisiana

STATE EX REL. MICHAEL E. RICK

NO.   2015-KH-1526

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  Michael E. Rick; – Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court
Div. C, No. 490278; to the Court of Appeal, First Circuit, No. 2015
KW 0622;

– – – – – –

September 6, 2016

Denied. See per curiam.

GGG

JTK

JLW

MRC

JDH

SJC

Supreme Court of Louisiana
September 6, 2016

Deputy Clerk of Court
For the Court

SUPREME COURT OF LOUISIANA

No. 15-KH-1526

SEP 0 6 2016

STATE EX REL. MICHAEL E. RICK

v.

STATE OF LOUISIANA

ON SUPERVISORY WRITS TO THE TWENTY-SECOND
JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY

PER CURIAM:

Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.