UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL E. RICK                                                         CIVIL ACTION

VERSUS                                                                   NO. 16-15650

DARREL VANNOY, WARDEN                                    SECTION "S" (2)

# REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C.A. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

## FACTS AND PROCEDURAL HISTORY

(1)    State Court Proceedings

On June 24, 2010, petitioner Michael E. Rick was charged in an indictment by a grand jury of the 22nd Judicial District Court for St. Tammany Parish with one count of

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

aggravated rape in violation of La. Rev. Stat. § 14:42 and one count of aggravated incest in violation of La. Rev. Stat. § 14:78.1.[2] The facts established at trial were summarized by the Louisiana First Circuit Court of Appeal as follows:

> At trial, M.G. testified that defendant, her stepfather, sexually abused her on numerous occasions, beginning in approximately June 2005 and continuing until about October 2006. M.G. stated that around June 2005, she, her mother, her sister, and defendant moved back to Covington after a short period living in Baton Rouge. The family resided in a duplex with two upstairs bedrooms. Defendant and M.G.'s mother occupied one bedroom, and M.G. occupied the other with her younger sister.
>
> M.G. testified that on several occasions, beginning when she was twelve years old, defendant would come into her room in the middle of the night and perform oral sex on her. According to M.G., defendant continued this behavior past her thirteenth birthday, which occurred in October 2005. In addition, M.G. stated that defendant once placed his penis into her vagina.
>
> M.G. did not officially report the abuse until February 2009, when she told her therapist about it. However, she had previously confided in her high school boyfriend and her aunt and uncle about defendant's actions.

State v. Rick, No. 2012 KA 1569, 2013 WL 1791839, at *1 (La. App 1st Cir. Apr. 26, 2013).[3]

On February 8, 2012, a jury found Rick guilty as charged on both counts.[4] After denying Rick's motions for post-verdict judgment of acquittal and a new trial,[5] the state trial court sentenced him on May 24, 2012, to life in prison at hard labor, without benefit

---

[2] St. Rec. Vol. 1, p. 35; Indictment, 6/24/10.

[3] St. Rec. Vol. 4, pp. 566-67.

[4] St. Rec. Vol. 3, pp. 550-51 (Trial Transcript pp. 534-35).

[5] Id. at pp. 558-59 (Transcript pp. 542-43).

2

of probation, parole, or suspension of sentence as to Count One and 20 years in prison at hard labor as to Count Two, the sentences to run concurrently.[6]

On direct appeal, the Louisiana First Circuit affirmed Rick's convictions and sentence.[7] On May 28, 2013, Rick filed a timely writ application with the Louisiana Supreme Court.[8] On November 22, 2013, the state supreme court denied relief.[9]

Rick's convictions and sentence became final when the United States Supreme Court denied his subsequent application for writ of certiorari on April 28, 2014.[10] See Giesberg v. Cockrell, 288 F.3d 268, 270 (5th Cir. 2002) (for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state conviction becomes final when a petition for certiorari is denied by the United States Supreme Court); Crutcher v. Cockrell, 301 F.3d 656, 657 (5th Cir. 2002) (same); see also State v. Hoffman, 768 So. 2d 592, 592 (La. 2000) (conviction not final until application for writ of certiorari to U.S. Supreme Court is denied).

---

[6] Id. at pp. 560-61 (Transcript pp. 544-45).

[7] State v. Rick, No. 2012 KA 1569, 2013 WL 1791839, at *1 (La. App 1st Cir. Apr. 26, 2013); St. Rec. Vol. 4, pp. 565-69.

[8] St. Rec. Vol. 5, pp. 639-59, La. S. Ct. Writ Application, 13-K-1219, 5/28/13.

[9] State v. Rick, 126 So. 3d 479 (La. 2013); St. Rec. Vol. 5, p. 638.

[10] Rick v. Louisiana, 134 S. Ct. 1945 (2014).

Rick signed and dated an application for post-conviction relief on February 11, 2015, and filed it in the state trial court.[11] After the state trial court denied relief,[12] Rick filed a timely writ application in the Louisiana First Circuit Court of Appeal,[13] which denied relief on July 13, 2015.[14] His timely related writ application in the Louisiana Supreme Court[15] was denied on September 6, 2016.[16]

(2)     Federal Habeas Petition

On October 17, 2016, the clerk of court filed Rick's federal habeas corpus petition in this court. Rick dated and signed it on October 14, 2016.[17] The petition asserts the following two claims for relief:

(1) Ineffective assistance of counsel because "counsel failed to subject the prosecution's case to any meaningful adversarial testing" and "failed to properly prepare for trial; to render meaningful investigation; to investigate; to present a valid alibi defense . . . [and] to introduce crucial evidence for the jury's consideration."

(2) "Denial of right to appeal, right to appellate review/deficient partial transcript."[18]

---

[11] St. Rec. Vol. 6, pp. 755-74.

[12] Id. at p. 783 (3/16/15).

[13] La. 1st Cir. Writ Application, Case No. 2015-KW-622 (4/13/15), St. Rec. Vol. 7, pp. 792-826.

[14] State v. Rick, Case No. 2015-KW-622 (7/13/15), St. Rec. Vol. 7, p. 791.

[15] La. S. Ct. Writ Application, Case No. 15-KH-1526 (8/4/15), St. Rec. Vol. 8, pp. 829-43.

[16] State ex rel. Rick v. State, 198 So. 3d 1173 (La. 2016); St. Rec. Vol. 8, p. 827.

[17] Petition, Record Doc. No. 1, at p. 32 of 89.

[18] Id. at pp. 5, 7 of 89.

The State filed a response in opposition to the petition, conceding that the petition is timely and that the claims were exhausted in the state courts, but arguing that the claims are otherwise without merit.[19]

## ANALYSIS

(1)   Standards of Review

The AEDPA effected a comprehensive overhaul of federal habeas corpus legislation, including 28 U.S.C. § 2254. Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA went into effect on April 24, 1996[20] and applies to the instant petition, which is deemed filed on October 14, 2016. 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28

---

[19] Record Doc. No. 9 at pp. 1, 6-7.

[20] The AEDPA, which was signed into law on April 24, 1996, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

U.S.C. § 2254(d)(2)). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir. 2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000); accord Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Hill, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established

rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." White v. Woodall, 134 S. Ct. 1697, 1706-07 (2014) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" Id. at 1706 (quoting Yarborough v. Alvarado, 541 U.S. 652, 666 (2004)).

"'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original). Rather, under the "unreasonable application" standard, "'"the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."'" Higgins v. Cain, 720 F.3d 255, 261 (5th Cir. 2013) (quoting Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002)). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (citing Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

In this case, the State has conceded that Rick's petition is timely and that he has exhausted his state court remedies. I find, however, that Rick's claims are without merit for the following reasons.

(2) <u>Ineffective Assistance of Counsel Claims</u>

Rick alleges that his trial counsel provided ineffective assistance by failing adequately to test the prosecution's case, prepare for trial, investigate, present an alibi defense and present "crucial evidence" to the jury. Examining this generally stated first claim in the context of the explanatory memorandum attached to Rick's form Section 2254 petition, the claim amounts to a single argument that his counsel failed to interview Jennifer Hernandez, who was Rick's wife and the victim's mother, or call her as a witness at trial. Specifically, Rick argues that he "was a big man, . . . six feet-two, weighed 290 pounds and had one leg. He used a cane, wheelchair or his prosthetic leg to move around."[21] He asserts that, "[h]ad defense counsel called Jennifer Hernandez as a witness, she could have told the jury whether Rick could leave their bed without her knowing"[22] to molest the victim, as the victim testified. He postulates that "[h]is wife would have known how often he left their bed because he had to awaken her to leave or to get in"[23] to bed by getting in or out of his wheelchair and removing or replacing his

---

[21] Record Doc. No. 1, Petition at p. 28 of 89 (Memorandum in Support of Application for Writ of Habeas Corpus at p. 11).

[22] Id.

[23] Id. at pp. 28-29.

8

prosthetic leg, all while weighing 290 pounds. He argues that, "[h]ad defense counsel presented this evidence, the jury would have had some doubt as to whether this act [the molestation of the minor victim] did happen. Understanding how a 290 lbs man, with one leg can get in and out of bed without his wife knowing when he left and when he returned."[24]

In the last decision on the issue, the Louisiana Supreme Court concluded that Rick failed to establish that he had received ineffective assistance of counsel, specifically citing Strickland v. Washington, 466 U.S. 668 (1984).[25]

The issue of ineffective assistance of counsel is a mixed question of law and fact. Clark v. Thaler, 673 F.3d 410, 416 (5th Cir. 2012); Woodfox v. Cain, 609 F.3d 774, 789 (5th Cir. 2010). Thus, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

The standard for judging performance of counsel relied on by the state courts was established by the Supreme Court in Strickland, in which the Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. Strickland, 466 U.S. at 697. The Supreme Court first held that "the defendant must show that counsel's representation

---

[24] Id. at p. 29.

[25] State ex rel. Rick, 198 So. 3d at 1173.

fell below an objective standard of reasonableness." Id. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; accord Buck v. Davis, 137 S. Ct. 759, 776 (2017).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Gochicoa v. Johnson, 238 F.3d 278, 285 (5th Cir. 2000); United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough under Strickland, 'that the errors had some conceivable effect on the outcome of the proceeding.'" Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693); accord Clark, 673 F.3d at 423; see also Harrington, 562 U.S. at 112 (Strickland requires a "substantial" likelihood of a different result, not just a "conceivable" one.); accord Clark, 673 F.3d at 423.

The Supreme Court has clarified that, under Strickland, the question on habeas review "is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105. The Court recognized the high level of deference owed to a state court's findings under Strickland in light of the AEDPA:

10

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id.

Thus, scrutiny of counsel's performance under Section 2254(d) is "doubly deferential." Cullen v. Pinholster, 563 U.S. 170, 190 (2011) (quotation omitted). This court must therefore apply the "'strong presumption'" that counsel's strategy and defense tactics fall "'within the wide range of reasonable professional assistance.'" Woods v. Donald, 135 S. Ct. 1372, 1375 (2015) (quoting Strickland, 466 U.S. at 690).

Federal habeas courts presume that litigation strategy is objectively reasonable unless the petitioner clearly proves otherwise. Strickland, 466 U.S. at 689; Geiger v. Cain, 540 F.3d 303, 309 (5th Cir. 2008); Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000). Tactical decisions, when supported by the circumstances, are objectively reasonable and do not amount to unconstitutionally

deficient performance. Geiger, 540 F.3d at 309; Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999).

Rick's basic argument is that his trial counsel was ineffective because counsel failed to investigate, interview and then call as a witness Rick's wife, the victim's mother, who could have testified that she would have noticed if Rick truly rose from bed at night frequently to molest the minor victim, as the victim testified.

On federal habeas corpus review, "'[c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" Graves v. Cockrell, 351 F.3d 143, 156 (5th Cir. 2003), reh'g granted in part on other grounds, 351 F.3d 156 (5th Cir. 2003) (quoting Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985)) (internal quotation omitted); accord Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008). To prevail on such a claim, a petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony and show that the testimony would have been favorable to a particular defense. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citing Bray, 265 F. App'x at 298). The Fifth Circuit has "required this showing for claims regarding uncalled lay and expert witnesses alike." Id. (citing Evans v. Cockrell, 285 F.3d 370, 377-78 (5th Cir. 2002); United States v. Doublin, 54 F. App'x 410, 2002 WL 31689398, at *2 (5th Cir. 2002)). The Fifth Circuit has

"clarified that the seemingly technical requirements of affirmatively showing availability and willingness to testify '[are] not a matter of formalism.' Rather, a petitioner must present evidence on these points as part of the burden of proving that trial counsel could have found and presented a favorable [witness]." Hooks v. Thaler, 394 F. App'x 79, 83 (5th Cir. 2010) (quoting Woodfox, 609 F.3d at 808).

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Druery v. Thaler, 647 F.3d 535, 541 (5th Cir. 2011) (quotation omitted) (emphasis added); accord Moawad v. Anderson, 143 F.3d 942, 948 (5th Cir. 1998). A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without specifying what the investigation would have shown. See Diaz v. Quarterman, 239 F. App'x 886, 890 (5th Cir. 2007) (quoting Strickland, 466 U.S. at 696) (some evidence is required to show that "'the decision reached would reasonably likely have been different'"). To prevail on such a claim, petitioner must provide factual support showing what exculpatory evidence further investigation would have revealed. Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Moawad, 143 F.3d at 948; Davis v. Cain, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008) (citing Evans, 285 F.3d at 377). Thus, Rick must present more than conclusory assertions to establish ineffective assistance of counsel on this basis. See Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective

13

assistance of counsel are insufficient to raise a constitutional issue."); accord Woodfox, 609 F.3d at 809 n.17; Burns v. Epps, 342 F. App'x 937, 939 (5th Cir. 2009); United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005).

Rick has failed to establish the foregoing requirements necessary to prevail on his claim. Although he has identified the witness, Hernandez, he merely speculates that her testimony might have been favorable to his defense. Rick offers nothing in the form of proof to establish that Hernandez was actually available to testify and would have testified as he speculates, rather than testifying that Rick did frequently awaken her by rising and/or returning to bed. Rick merely speculates that his trial counsel did not adequately investigate what his wife would have said and then called her to testify at trial. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689 (citations omitted). Because this argument is both speculative and deficient, Rick has wholly failed to establish any ineffective or prejudicial action by his trial counsel in this regard. Petitioner is not entitled to relief on this claim.

Construed broadly, a single sentence of Rick's submissions may also assert that his trial counsel was ineffective because "defense counsel allowed several hearsay statements to be heard by the jury," including the victim's statement that her uncle once

referred to Rick as a "pervert."[26] As accurately argued by the State's counsel in its response to Rick's petition, this testimony was obviously elicited by defense counsel's cross-examination of the victim as part of a trial strategy to attempt to persuade the jury that she was not credible in her description of Rick's molestation of her.[27] It is clear from this questioning that defense counsel was attempting to cast doubt on the victim's testimony by exploring her delay between the time of the molestation and the time she revealed it, coupled with the pressures exerted upon her by adult authority figures leading to her revelation of the acts committed by Rick. In essence, the outcome of the case was based substantially on a credibility choice made by the jury between the victim's testimony and Rick's own denials of the acts. Defense counsel's questioning was a strategy decision aimed at aggressively cross-examining the victim about her long delay in revealing the acts and the pressures that caused the revelation, all in an effort to undermine her credibility. As noted above, the strategy's lack of success does not render counsel's performance constitutionally ineffective. Strickland, 466 U.S. at 689. Rick is not entitled to federal habeas corpus relief on this claim.

---

[26] Petition, Record Doc. No. 1 at p. 28 (Memorandum in Support at p. 11).

[27] Record Doc. No. 9 at pp. 10-12 (quoting St. Rec. Vol. 2 at pp. 369-72).

(3)    Denial of Right to Appellate Review

As "Ground Two" of his request for federal habeas corpus relief in his AO Form 241 Section 2254 petition, Rick perfunctorily asserts a "denial of right to appeal, right to appellate review/deficient partial transcript."[28] He offers no "supporting facts" as the basis for this ground, except "see memorandum attached."[29] Nothing in the attached memorandum addresses this asserted ground for relief.

The United States Supreme Court has not recognized that state defendants have a federal constitutional right of direct appeal of a state conviction. See Smith v. Robbins, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); Ross v. Moffitt, 417 U.S. 600, 606 (1974) ("[A] State is not obliged to provide any appeal at all for criminal defendants."). However, once a state creates the right to appeal a criminal conviction, as Louisiana has done, the appeal process must comport with the guarantees of due process. Evitts v. Lucey, 469 U.S. 387, 393, 403 (1985). Due process concerns are implicated only when the state fails to assure a criminal defendant an adequate opportunity to present his claims and to obtain a final determination on the merits of the appeal. Id. at 402, 405.

In the complete absence of any particular complaint about his appeal process in Rick's extensive written submissions, the temptation is great simply to conclude that he

---

[28] Petition, Record Doc. No. 1 at p. 7.

[29] Id.

has abandoned this conclusorily asserted ground for relief. Nevertheless, having reviewed the state court record, I find nothing that might indicate that Rick was not provided with an opportunity to present his claims and obtain a final determination of his appeal on the merits. On the contrary, the state court record establishes on its face that Rick's appeal was fully briefed, reviewed by the appellate courts on an adequate record and then determined on the merits. I find that, having created a right to appeal in Rick's favor, the state provided him with an appeal process fully consistent with due process. Thus, to whatever extent Rick has not abandoned that claim, it is without merit and establishes no basis on which federal habeas corpus relief might be granted.

## RECOMMENDATION

For all of the foregoing reasons, Rick's petition for habeas corpus relief is without merit. Thus, **IT IS RECOMMENDED** that Rick's petition for habeas corpus relief under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[30]

                        New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of July, 2017.

                                                  JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE

---

[30] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.